## JAMES *vs.* BENJAMIN.

1. A distress warrant will not lie for rent until the same is due, unless the tenant is removing his goods from the premises or seeking to do so. Code, §2285.
2. A note payable on or before a certain day is payable on that day, so far as the maker is concerned. He may pay it before, if he wishes, but may put it off until the day named. There is no ambiguity about its legal effect, and parol testimony is inadmissible to vary its import, or show that it is to be paid before the day named.

Judgment affirmed.

October 16, 1883.

JACKSON, Chief Justice.

[On August 29, 1881, James sued out a distress warrant

against Benjamin for rent alleged to be due on the following note:

"Fort Valley, Ga., March 1, 1881.

"On or before the first of October next, I promise to pay J. B. James or bearer three bales of middling cotton, baled and delivered at Southwestern Railroad depot in Fort Valley, in good merchantable order, the above bales to weigh 500 pounds each, and to be paid from the first picking. The above note is for rent of land on the Griffin place, in the county of Houston, state of Georgia.

his
Charles ⨯ Benjamin.
mark.

Witness, W. T. Galledge."

On the trial, plaintiff proposed to testify that, at the time the warrant was sued out, the defendant had gathered from the rented premises more than enough cotton from the crop of that year, raised on the premises, to pay off the rent due him; that the three bales of cotton due by the contract were worth $150.00; and that the agreement was that the rent was to be paid as fast as this cotton was gathered from the first picking. On objection, this evidence was rejected.

A non-suit was awarded, and plaintiff excepted.]