## BIRD *v.* BURGSTEINER, for use, etc.

1. A defendant who has been served and who has had his day in court can not go behind the judgment by an affidavit of illegality for the purpose of making the question that the verdict was not authorized by the pleadings or that the judgment did not follow the verdict.
2. Under section 4629 of the Civil Code, the plaintiff in execution in a claim case may lawfully withdraw the fi. fa. from the files of the court without an order from the judge granting leave so to do.

Submitted June 17, — Decided August 2, 1899.

Illegality. Before Judge Falligant. Effingham superior court. November term, 1898.

*A. C. Wright*, for plaintiff in error.

LUMPKIN, P. J.  The error alleged in this case is the rendering of a judgment striking on demurrer an affidavit of illegality. This affidavit made no attack upon the execution, but sought to go behind the judgment and verdict upon which the execution was founded. There was no allegation in the affidavit of illegality that the defendant had not been served with process or had not had his day in court. This being so, it is manifest that in so far as relates to so much of the affidavit as is above indicated, there was no error in holding that it was without merit. Civil Code, § 4742.

The affidavit contained one other ground, viz., that while a claim case originating upon a levy of this execution was pending, the plaintiff had withdrawn the fi. fa. from the files of the court without first obtaining an order from the judge granting leave so to do. Prior to the passage of the act of October 22, 1887, the provisions of which are now embraced in section 4629 of the Civil Code, it was, under such circumstances, necessary

to obtain an order of court before a plaintiff could properly withdraw a fi. fa. constituting a part of the record in a claim case. See Branch v. Riley, 19 Ga. 161; Kendall v. Westbrook, 54 Ga. 587. This rule was, however, abrogated by that act. All that is now necessary in such a case is simply to make an application to the clerk, or to the presiding judge if there be no clerk, for a withdrawal of the execution. The application when made must be granted as matter of right without the passage by the court of any order whatever, it being the duty of the clerk or the presiding judge, as the case may be, to make out and file with the claim papers a copy of the execution in lieu of the original so withdrawn.

Judgment affirmed. All the Justices concurring.