## 5279, 5280.  VALDOSTA, MOULTRIE & WESTERN RAIL-ROAD CO. *v.* CITIZENS BANK OF VALDOSTA (two cases).

1. A promissory note stipulating to pay, besides principal and interest, a certain per centum thereon as attorney's fees for collection, is conditional in so far as the promise to pay fees is concerned. The law supplies the condition, and does not allow such fees to be recovered unless the plaintiff gives written notice of his intention to sue, in accordance with section 4252 of the Civil Code.
2. Where suit is brought upon such a promissory note, and the petition alleges that written notice as required by law has been given the defendant, and no defense has been filed, the averment in reference to the giving of notice will be held to have been admitted, and no proof other than the implied admission is necessary to authorize a recovery of such fees.
3. In such a case, if a jury be empaneled, the judge is authorized to direct a verdict in favor of the plaintiff for the attorney's fees, without proof; and if the case is tried without a jury in a court where the judge has the authority to pass upon issues of fact unless a jury be demanded, he can, without proof, enter up a finding in favor of the plaintiff for attorney's fees.
4. The judge can not, however, even where no jury has been demanded, enter a judgment as upon an unconditional contract in writing; and the judgment should be couched in such language as to indicate that the judge, sitting as a jury, has found the fact to be that written notice of suit has been given as required by law.
5. The judgments entered up in the present cases are erroneous, in that the language therein employed indicates that the judge found the notes sued on to be unconditional contracts.
6. Where written notice of suit has been given as required by law, and the debtor fails to pay by the return day of the court, the right of the holder of the note to recover attorney's fees becomes vested, and he is as much entitled to recover such fees as he is any other part of the indebtedness. Where an erroneous judgment for attorney's fees is entered up, the defendant has a right to have this erroneous judgment set aside, but he can not demand in the reviewing court, as a matter of right, that the judgment be affirmed with a direction that the attorney's fees be written off.

DECIDED FEBRUARY 4, 1914.

Complaint; from city court of Valdosta—Judge Cranford. August 6, 1913.

*E. K. Wilcox, Woodward & Smith,* for plaintiff in error.

*W. A. Dodson,* contra.

POTTLE, J. The Citizens Bank of Valdosta brought suit against the Valdosta, Moultrie & Western Railroad Company upon two promissory notes, each of which contained a stipulation to pay ten per cent. of the indebtedness as attorney's fees if the note was placed

in an attorney's hands for collection. The petition in each case alleged that the notice required by law to enforce the collection of attorney's fees was given to the defendant, and a copy of the notice was attached to the petition, the notice being in exact compliance with the law. The defendant filed no defense, and judgment was rendered in favor of the plaintiff in each case in substantially the following language: "There being no issuable defense filed under oath in the above-stated case, the same being an unconditional contract reduced to writing, it is ordered that the plaintiff recover of the defendant," etc.,—stating the amount of principal, interest, and attorney's fees,—"it appearing from the plaintiff's declaration, and not from any evidence, that the plaintiff has given defendant the notice required by law to enforce the collection of attorney's fees." The only point made in this court is that the judgment is erroneous in so far as it finds for attorney's fees.

The act creating the city court of Valdosta provides, in substance, that the practice and procedure in that court shall be the same as in the superior court, except so far as is otherwise provided in said act. It is provided in section 14 of the act that the judge shall have authority to determine all civil cases of which the court has jurisdiction and give judgment therein, provided that either party in any cause shall be entitled to a jury trial upon entering a demand therefor. Acts of 1897, p. 498. No demand was made for a jury trial in the present cases. The notes sued upon were unconditional contracts, in so far as they stipulated for the payment of principal and interest, and were conditional in so far as the promise to pay attorney's fees was concerned, the condition being supplied by the statute which makes the giving of written notice of the intention to bring suit a condition precedent to the recovery of attorney's fees. Civil Code, § 4252. The code provides that in all cases, except actions for unliquidated damages and suits on unconditional contracts in writing, where no defense has been filed by the party sued, the plaintiff shall be permitted to take a verdict as if each and every item and paragraph were proved by testimony. Civil Code, § 5662. The stipulation for attorney's fees being conditional, the judge could not, even though no defense was filed, enter up a judgment as upon an unconditional contract in writing. It has been expressly held, however, by this court that where no defense is filed, the judge may direct a verdict for attorney's fees,

without further proof than the admission implied from the failure to deny the giving of the notice required by law. *Ivy* v. *Payne,* 8 *Ga. App.* 760 (70 S. E. 140). It will, of course, follow from this decision that in a city court, where the judge has the power to decide issues of fact unless a jury is demanded, he could enter up a finding in the nature of a verdict in favor of the plaintiff for attorney's fees, if the petition alleges the giving of the notice and the allegation is not denied by the defendant. Section 5662 of the Civil Code is applicable to the city court of Valdosta, because there is nothing in the act establishing that court which is inconsistent with this section of the code. The note is an entire contract. It must therefore be characterized as a whole,—either as a conditional or as an unconditional contract. Having in it a conditional promise to pay attorney's fees, it can not be said to be an unconditional contract. · This being so, under the code, in a suit upon such a contract, where no answer is filed, each and every item and paragraph in the petition must be held to have been admitted. This section of the code excepts but two classes of cases, to wit, suits for unliquidated damages and suits on unconditional contracts in writing. The last exception is made because, under a previous section, to wit, section 5660, no verdict is necessary in a suit on an unconditional contract in writing, and where no answer is filed the plaintiff is allowed to take judgment without proof. The ruling in *Turner* v. *Bank,* 13 *Ga. App.* 547 (79 S. E. 180), is not to be construed as a holding that affirmative proof of the fact that written notice of the suit was given is necessary when the fact of notice is not denied. We do hold, however, that a verdict of a jury or a finding of the fact by a judge sitting as a jury is necessary before the plaintiff is entitled to a judgment for attorney's fees. It may appear to be technical, but, nevertheless we think it sound, to draw the distinction between the form of the judgment entered upon an unconditional contract in writing and one entered upon a conditional contract by the judge presiding without the intervention of a jury. If the language of the judgment indicates that the judge treated a conditional contract as unconditional, and entered up the judgment of the court as upon an unconditional contract in writing, the judgment would be erroneous, because it would be lacking in an essential requirement of law, to wit, a finding of the fact that the condition stated in the contract

has been met. In the case of a promissory note stipulating for payment of attorney's fees, if the language of the judgment is such as to indicate that the judge was sitting as both court and jury, and found the fact to be that written notice had been given as required by law, then the judgment would be valid and binding. In other words, the judgment should show that it was entered under section 5662 rather than under section 5660 of the code. To relieve any further trouble in reference to this question, we suggest that where the judge of a city court is presiding without a jury, in those courts where he has authority to find the facts unless a jury is demanded, the following form be employed: "The above-stated case coming on regularly to be heard at this the———— term of said court, before the judge thereof without the intervention of a jury, and no defense having been interposed, and it appearing that the plaintiff is entitled to recover of the defendant the principal sum of $————, together with $————, interest, and $————, attorney's fees, judgment is hereby rendered in favor of the plaintiff and against the defendant for said several sums and costs of court, together with future interest on said principal sum at the rate of—————per centum per annum. —————Judge City Court of————." We do not, of course, mean to say that this form should be exactly followed, but a substantial compliance with it is advisable.

In the light of what has been said above, we come now to consider the judgments entered in the cases now before us. The language employed in the judgments indicates an affirmative finding by the court that the contract was unconditional, and that the court, in entering up judgment, was dealing with it as such; nor is this intention negatived by the recital in the judgment that it appeared from the plaintiff's declaration, and not from the evidence, that written notice of suit had been given as required by law. So construing the judgment, the question is whether we shall order the attorney's fees written off, or reverse the judgment unconditionally. When the conditions required by law for the recovery of attorney's fees have been met, the plaintiff is as much entitled to the recovery of attorney's fees as he is to the recovery of principal and interest. Upon the giving of the notice and the failure to pay within the time required by law, the right to recover attorney's fees becomes vested. It is in the nature of a penalty which the law

imposes upon the defendant for failing to pay the debt by the return day of the court. If the plaintiff takes an erroneous judgment finding attorney's fees, and the defendant so far acquiesces in it as to file no exception, he can thereafter make the point, in resistance to the enforcement of the judgment, that so much of the judgment as finds for attorney's fees is void; but if the defendant himself complains that the judgment is erroneous he can not, as a matter of right, insist upon an affirmance of the judgment with direction that attorney's fees be written off; but he is entitled to have the erroneous judgment set aside and the case retried. In the present case the plaintiff in error is entitled to an unconditional reversal, and it is so ordered.                    *Judgment in each case reversed.*