## 5827. ELLIOTT v. WILKS.

1. By proper order a judgment may be amended so as to conform to the pleadings, and this may be done even after the issuance of an execution and without notice to the defendant. Where a court has jurisdiction of the person and the subject-matter, it is to be presumed that it had before it evidence sufficient to authorize the judgment, and if the judgment as amended conforms to the pleadings of record, the period of time between the rendition of the judgment and the amendment thereof is immaterial.

2. Under the provisions of the act of 1909 amendatory to the act creating the city court of Nashville (Acts 1909, p. 283, sec. 3), a judgment may be rendered or a verdict be taken, as the case may require, at the appearance term, in all civil cases in which there is no plea or defense filed, on the call of the appearance docket; and, by the terms of the act of 1911 (Acts 1911, p. 311, sec. 3), the judge of the city court of Nashville may try and dispose of all cases ripe for trial where a jury has not been demanded. Consequently the judge in the present case was sitting both as court and jury.

3. While a judgment for the attorney's fees stipulated in a promissory note can not be rendered by the court without a jury, as upon an unconditional contract in writing, even when no jury has been demanded, still when the petition in a suit on such a note alleges that written notice has been given to the defendant as required by law, and no defense has been filed in the suit, the failure to deny the averment that due and timely notice was given must be construed as such an implied admission as dispenses with the necessity for further proof and as authorizes a recovery of the fees, and as will authorize the judge to direct a verdict when he is not empowered to sit as a jury; and consequently he may render an appropriate judgment upon the proof supplied by the implied admission, when he is legally empowered to try the case without a jury.

4. Since no jury was demanded in this case, the judge was expressly authorized to try the case and to render the judgment for attorney's fees; an amendment making the judgment conform to the record was properly allowed; and it was not error thereafter to sustain a demurrer to the affidavit of illegality.

DECIDED JUNE 25, 1915.

Affidavit of illegality; from city court of Nashville—Judge Christian. May 18, 1914.

*J. A. Alexander, W. G. Harrison,* for plaintiff in error.

*J. Z. Jackson,* contra.

RUSSELL, C. J. A fi. fa. in favor of J. T. Wilks against Bob Elliott, based upon a judgment rendered March 12, 1914, for $1,668.12 principal, $257.70 interest, and $191.98 attorney's fees, was levied upon certain real estate, as the property of the defendant. To this levy Elliott interposed an affidavit of illegality. The

illegality was based upon an alleged want of jurisdiction on the part of the court to render the particular judgment; it being insisted that the court could not render a judgment at the appearance term, and that even if the court could render the judgment for principal and interest, the judgment as to attorney's fees was void.

The original judgment was as follows:   (After stating the case) "The above-stated case coming on in its regular order to be heard, and no defense being filed as required by law, and personal service appearing, it is therefore ordered, considered, and adjudged by the court that the plaintiff do have and recover of and from the defendant the sum of $1,668.12 as principal, and the sum of $251.70 as interest, and the sum of $191.98 as attorney's fees, and the further sum of $10.30 as cost of suit, and the further interest on said sum at the rate of 8 per cent. per annum until paid.  Judgment signed this the 12th· day of March, 1914.  C. A. Christian, Judge City Court of Nashville."  The plaintiff in fi. fa. offered an amendment, which was allowed by the court, and which changed the judgment so that it read as follows:  "The above-stated case coming on regularly to be heard at this the March term, 1914, of said court, before the judge thereof, without the intervention of a jury, no demand having been filed for a trial by jury, and no defense having been interposed, and it appearing to the court that the plaintiff is entitled to recover of and from the defendant the principal sum of $1,668.12, together with $251.70 interest and $191.98 attorney's fees, judgment is hereby rendered in favor of the plaintiff and against the defendant for the said several sums and $———, costs of court, together with future interest on the said principal sum at the rate of 8 per cent. per annum.  Judgment signed in open court this the 12th day of March, 1914.  C. A. Christian, Judge City Court of Nashville."  Thereafter a demurrer to the affidavit of illegality which had been filed by the plaintiff in fi. fa. was sustained and the illegality was stricken.  It is insisted that the court erred in permitting the judgment to be amended and in sustaining the demurrer to the affidavit of illegality.

1.  Whether the court erred in allowing the judgment to be amended depends entirely upon whether the amendment was more extensive in its scope than the pleadings would authorize.  It is not a question whether the amendment was offered at the same term and while the judgment was still in the breast of the court, but whether

the amendment was required in order to make the record of the finding speak the truth as to what transpired on the trial. In the original petition in the case, as it appears in the record, the plaintiff alleged the service of a notice, given in accordance with law, to bind the defendant for attorney's fees; and there was no denial of this averment. The judgment, as originally entered by the court, is subject to the construction that it was entered without proof, but an inspection of the record shows that in accord with the ruling in *Valdosta &c. R. Co.* v. *Citizens Bank*, 14 *Ga. App.* 329 (80 S. E. 913), the lower court had before it a sufficient implied admission of liability for attorney's fees on the part of the defendant to have authorized a jury, or the judge sitting as a jury, to find in favor of the plaintiff as to the attorney's fees. For this reason there was no error in allowing the judgment to be so amended as to conform to the pleadings. A judgment may be amended by order of the court in conformity to the verdict upon which it is predicated, even after execution issues (Civil Code, § 5697); and it was held in *Irby* v. *Brown*, 59 *Ga.* 596, that it was not error to allow a judgment to be so amended as to conform to the pleadings even after the lapse of ten years. A judgment by default may be amended so as to conform to the pleadings even after execution has been issued and property has been sold thereunder. *Dennis* v. *Colley*, 112 *Ga.* 114 (37 S. E. 119). In the more recent case of *Scarborough* v. *Merchants & Farmers Bank*, 131 *Ga.* 590 (62 S. E. 1040), it was held that a judgment could be amended at a subsequent term of the court in order to conform to the pleadings, on ex parte application of the plaintiff. That notice to the defendant is not essential was held in *Saffold* v. *Wade*, 56 *Ga.* 174, and in *Bell* v. *Bowdoin*, 109 *Ga.* 209 (34 S. E. 339), as well as in the *Scarborough* case, supra. Under the provisions of section 5311 of the Civil Code, it is extremely doubtful whether the defendant's affidavit of illegality could have been considered in any event, for it appears from the record that he was served and had had his day in court. A defendant who has been served and who has had his day in court can not go behind the judgment by affidavit of illegality for the purpose of making the question that the verdict was not authorized by the pleadings or that the judgment did not follow the verdict. *Bird* v. *Burgsteiner*, 108 *Ga.* 654 (34 S. E. 183). Where a court has jurisdiction, it is to be presumed that it had before it

pleadings and evidence authorizing the judgment rendered. *Bedingfield* v. *First National Bank,* 4 *Ga. App.* 197 (3), 204 (61 S. E. 30). In this view of the case, the correctness of the court's ruling upon the amendment really did not concern the plaintiff in error, unless it appeared from the record itself that the judgment was void.

2. The original judgment rendered for attorney's fees, under the ruling in *Turner* v. *Bank of Maysville,* 13 *Ga. App.* 547 (79 S. E. 180), would appear to be unauthorized, were it not for the provisions of the act amendatory to the act creating the city court of Nashville. See Acts 1909, p. 283 (3), and Acts 1911, p. 311 (3). If the case were not submitted to a jury, ordinarily the judge would have no right to enter a judgment for attorney's fees, because liability for the attorney's fees is not unconditional, but a conditional part of the contract. It appears, however, that under the provisions regulating the city court of Nashville, any case in which there is no demand for a jury is triable by the judge sitting as a jury. This being true, a finding by the judge in the present case was at once a verdict and a judgment, and upon sufficient proof the judge was as fully authorized to find the attorney's fees in favor of the plaintiff as to award judgment for the principal and interest in the case.

3. In *Valdosta &c. R. Co.* v. *Citizens Bank,* supra, this court held, that while a judge sitting also as a jury, where no jury is demanded, may, upon proper proof, award a judgment for attorney's fees, the form of the judgment should properly authenticate the fact that sufficient evidence had been offered to support a recovery upon this conditional term in the contract; and it was for this purpose that the amendment in the present case was allowed. In the instant case the record discloses that the judge was authorized to award a judgment for attorney's fees; and the purpose of the amendment, no doubt, was to comply with the ruling in *Valdosta &c. R. Co.* v. *Citizens Bank,* supra; and, as already pointed out in the first division of this opinion, the amendment was not only allowable, but proper, and affords the plaintiff in error no ground for complaint.

4. Since no jury was demanded, the judge was expressly authorized to try the case and to render judgment for attorney's fees; an amendment conforming the judgment to the record was properly

allowed; and it was not error thereafter to sustain a demurrer to the affidavit of illegality.          *Judgment affirmed.*