### 8854. DEAL *v.* GLENVILLE BANK.

JENKINS, J. 1. The ruling made in *Elliott* v. *Wilks,* 16 *Ga. App.* 466 (85 S. E. 679.), is based upon the theory that while a judgment including attorney's fees, as originally entered by the court, may be "susceptible" of the construction that it was entered without proof, as upon an unconditional contract in writing, still such construction shall not be taken as conclusive when the pleadings themselves are sufficient to have authorized a finding upon the question of attorney's fees, and the court had jurisdiction to render judgment upon the implied admissions contained therein.

2. In *Glennville Bank* v. *Deal,* 146 *Ga.* 127 (90 S. E. 958), the Supreme Court specifically held that the original judgment in the instant case "was rendered by the court, without the intervention of a jury for principal, interest, and attorney's fees, on the theory that the obligation to pay attorney's fees was unconditional," and that the portion of the judgment so separately rendered for attorney's fees was illegal. A final adjudication having been thus made that under the language of the judgment it must necessarily have been rendered without proof, and as being upon an unconditional contract in writing, the question is res adjudicata, and the judgment could not be subsequently amended so as to have a contrary meaning and carry a different legal import.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 22, 1918.

Motion to amend judgment; from city court of Reidsville—J. V. Kelley, judge pro hac vice. April 2, 1917.

*A. S. Way,* for plaintiff in error. *H. C. Beasley,* contra.