14368.   DUBLIN VENEER Co. *et al.* *v.* CHAPPELL & BURCH.

STEPHENS, J.   1. An obligation in a promissory note to pay attorney's fees is for the benefit of the payee or the holder of the note and is not for the benefit of the attorney at law representing the plaintiff in a suit to recover upon the note.

2. Where an attorney at law contracted with the payee of a promissory note to collect it by suit or otherwise, and it was agreed between the attorney and his client that the attorney's compensation for his services should be the amount collected out of the maker as attorney's fees stipulated in the note, and where the attorney obtained a judgment upon the note, in which his client was plaintiff and the maker of the note was defendant, which judgment did not include any amount as attorney's fees, any agreement thereafter made with the maker of the note, by the terms of which the maker agreed to "pay said attorney's fees although no judgment had been rendered therefor," even if valid and enforceable,

nevertheless inured to the benefit of the payee or holder of the note, and not to the benefit of the attorney.

3. A suit by the attorney against the maker to recover on such a contract was therefore not maintainable, and the court erred in not dismissing the petition.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 28, 1924.

Complaint; from city court of Dublin—Judge Sturgis. February 24, 1923.

Larsen & Crockett, for plaintiffs in error.

W. C. Davis, contra.