## 15309.  GOWER v. ROBERTS.

Where the holder of a note containing a stipulation by the maker for the payment of attorney's fees, in addition to principal and interest, places the note in the hands of an attorney at law for collection, under a contract by the terms of which the attorney is to collect it for the attorney's fees therein provided for, and is to charge the holder nothing if the maker, in response to the notice to be given under the provisions of the Civil Code (1910), § 4252, should pay the note on or before the return day of the contemplated action thereon, and where, after the notice is duly given, suit is filed prior to the return day, and the plaintiff and the defendant on or before the return day enter into and execute an agreement that upon the payment of the accrued costs and the furnishing of additional security the plaintiff will cause the dismissal of the suit and extend the maturity of the note for 60 days thereafter, the agreement will preclude a recovery of the attorney's fees in the action so instituted, either by the plaintiff himself or by the attorney prosecuting the suit in the name of his client for the recovery of such fees. The plaintiff himself not being entitled to recover such fees, neither is his attorney. The defendant having filed a special plea setting up the facts stated above, and the plea being indisputably established by the evidence, the court did not err in directing a verdict in favor of the plea and in denial of the right of the plaintiff's attorney to a judgment for attorney's fees.

DECIDED APRIL 23, 1924.

Complaint; from Walton superior court—Judge Fortson. December 26, 1923.

Application for certiorari was denied by the Supreme Court.

*Norman I. Miller, J. H. Felker,* for plaintiff.

*R. L. & H. C. Cox, E. W. Roberts,* for defendant.

BELL, J. The only question in this case has reference to the right of an attorney at law to prosecute a suit solely for the purpose of recovering of the defendant the attorney's fees stipulated in the note on which the action is based, where the defendant maker and the plaintiff holder, subsequently to the filing of the suit but prior to the return day, entered into an agreement which precludes a recovery of the principal and interest in the particular action, notice of the plaintiff's intention to bring which was duly given under the Civil Code (1910), § 4252, for the purpose of fixing a liability upon the defendant for such fees.

O. S. Gower, as payee, held a note of O. Roberts, maker, containing a stipulation that the maker should pay "all costs of collection, including 10 per cent. attorney's fees on principal and interest." On January 4, 1921, the note being mature, it was placed for collection in the hands of J. H. Felker, an attorney,

who received it under an agreement that he was to collect it for the attorney's fees therein provided for, and that if the maker, in response to notice of suit, to be given under the Civil Code, § 4252, should pay the note before the return day, then the attorney was to charge the holder "nothing for the collection." After notice was duly given to the defendant in terms of the above-mentioned code section, suit was filed upon the note prior to the return day of the February term, 1922, of the superior court, containing proper allegations for recovery of the principal, interest, and attorney's fees. The defendant answered the suit, admitting the receipt of the notice, but pleading that he made a settlement with the plaintiff on the day preceding the return day, but after the suit had been filed, by the terms of which the plaintiff, in consideration of the payment of $6 as the accrued costs and the giving of additional security by the defendant, agreed to have the suit dismissed and to extend the maturity of the note for 60 days from January 30, the day of the settlement. The additional security was then given and an entry was made upon the note, setting forth the extension of its maturity. It appears that the plaintiff paid the costs to the clerk on the return day and instructed that officer to dismiss the suit. The plaintiff's attorney, however, on being informed of this direction, questioned the right of his client so to dispose of the case without his consent, and the defendant, in view of this contention, appeared at the return term and filed the plea for the purpose of combating the claim of the plaintiff's attorney of the right to prosecute the suit for the purpose of recovering the attorney's fees as provided in the note. The case went to trial solely upon this special plea. At the close of the evidence a verdict was directed in favor of the defendant. The plaintiff's attorney, in the name of his client, filed a motion for a new trial, which was overruled, and in the same name a bill of exceptions is brought to this court for a review of the judgment overruling the motion. Several grounds of the motion complain of errors in the admission and rejection of evidence, but these we will not specifically refer to, for the reason that we believe a decision upon the assignment complaining of the direction of a verdict will control the entire case, it being our opinion that, irrespective of the rulings complained of, other than the direction of the verdict, the result of the trial nevertheless should have been the same. The plea was

established without dispute, although it appears in the evidence that the note was not actually paid in whole or in part within the extension period, and part of it was not paid until long thereafter.

Such attorney's fees as are recoverable by virtue of a stipulation in a note are in the nature of liquidated damages which inure to the benefit of the plaintiff, and are not a provision for the benefit of his attorney. *Rylee* v. *Bank of Statham,* 7 *Ga. App.* 489 (6) (67 S. E. 383) ; *Carson* v. *Blair,* 31 *Ga. App.* 60 (121 S. E. 517) ; *Dublin Veneer Co.* v. *Chappell,* 31 *Ga. App.* 700 (121 S. E. 866). Before a party can recover such fees, he must comply with the terms of the Civil Code, § 4252, and the defendant must fail to pay the debt on or before the return day, where the suit is filed prior thereto. There is no vested right to the attorney's fees until all these conditions have been fulfilled. *Valdosta &c. R. Co.* v. *Citizens Bank of Valdosta,* 14 *Ga. App.* 329 (6) (80 S. E. 913). That there was a compliance with the code so far as the plaintiff or his attorney was concerned is not questioned. The real controversy, as the parties have presented it, is whether the agreement between the plaintiff and the defendant amounted to such a "payment" of the principal and interest as to defeat the recovery of attorney's fees. The right thereto "is in the nature of a penalty which the law imposes upon the defendant for a failure to pay the debt by the return day of court." *Valdosta &c. R. Co.* v. *Citizens Bank of Valdosta,* supra. The statute shows by its very language that it provides for an exception to the general public policy of this State, for it is declared therein that "obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement," except upon specified terms. These considerations impel a liberal construction of the statute in favor of the debtor, i. e., a strict construction against the creditor, and the word "payment," as therein employed, should be understood as implying any action by the former which may satisfy the latter in reference to the subject-matter of the particular suit. Indeed, we think that the statute, in providing that the defendant, after notice given, can escape the payment of attorney's fees only by the payment of the debt on or before the return day, has reference to his absolute right, without regard to the will of the plaintiff, and does not in any sense prohibit the

debtor from making an agreement with the plaintiff in lieu of the actual payment. Where the plaintiff is willing not to exact "payment" as mentioned in the code, but takes something else that legally satisfies him, it is immaterial that the plaintiff's attorney does not consent.

A case may be easily supposed wherein a party has caused a suit to be instituted upon a note which is doubtfully secured, but which he would prefer to remain at interest and withdrawn from suit if the security could be made ample. Where in such a case the debtor meets the plaintiff's requirement on or before the return day, as to a suit filed prior thereto (*Donovan* v. *Hogan*, 8 *Ga. App.* 754 (2), 70 S. E. 153), he should be relieved of the payment of attorney's fees to the same extent as if he had paid the debt in cash. To hold that where the parties have made such an agreement the defendant should nevertheless be bound for the attorney's fees as stipulated in the note, upon a prosecution of the suit by the plaintiff's attorney, would be to place a serious and unwarranted restraint upon the liberty of contract. The right to recover attorney's fees must depend upon the right to recover the principal and interest, or the principal, or interest, as it existed upon the return day, or at the expiration of the time when the defendant might have removed his conditional liability for attorney's fees by the satisfaction of the other indebtedness upon the note. Agreements may be legitimately imagined ad infinitum by which the defendant, without money, may satisfy the note or obtain an extension for its payment, within the time allowed to him by the code section in reference to the collection of attorney's fees under contract, and by which the absolute ripening of the conditional liability for attorney's fees will be prevented. Any agreement they may make that is binding upon the plaintiff in relation thereto will bar an enforcement by the plaintiff's attorney of the provision in the note for their payment.

When the plaintiff in this case, during the period *within which the defendant might have paid the note without a liability for attorney's fees,* entered into the agreement with the defendant which made a recovery of the principal and interest in the present action impossible, he at the same time rendered the recovery of the fees impossible. This would be true whether the action should be prosecuted for their recovery by the plaintiff voluntarily or by

his attorney in his name. Nor does it matter that the note may not have been paid within the period of the extension agreement. Under the settlement between the parties, the particular suit was discontinued, although the cause of action was not extinguished, and the discontinuance as to principal and interest necessarily included the dependent claim for attorney's fees. If the plaintiff, instead of extending the old note, had upon the same date surrendered it for a renewal note due at 60 days, the defendant would clearly have been entitled to an abatement of the suit, not only as to principal and interest but as to attorney's fees as well. We think that the facts as presented in the record could not but have the same effect.

The contract between the plaintiff and his attorney does not make the case stronger from the standpoint of the latter, nor would his position be strengthened by the fact that he surrendered the note to his client for the purpose only of obtaining additional security, and not for the purpose of such a settlement as the parties themselves made. The defendant's liability for the attorney's fees as stipulated in his note can only be fixed by the terms of the Civil Code, § 4252. No agreement between the plaintiff and his attorney with respect to the conditions of the attorney's employment can place a greater burden upon the defendant than that which is imposed by the law and his obligation as contained in the note. The attorney, having agreed in effect that he should have only such fees for his services as might be recovered of the defendant upon the stipulation contained in the note, is limited in the present issue solely to the right of his client to a judgment for such fees. The client not being entitled thereto, neither is his attorney.

In holding that the adjustment between the parties was a sufficient compliance by the defendant with the terms of the Civil Code, § 4252, as to payment, to preclude a recovery for the attorney's fees, we have not overlooked the principle that drafts, notes, and certified checks, and the like, are not payment until themselves paid, when there is no agreement that they are accepted as payment; nor are we unmindful of the ruling made by this court in *Holland* v. *Mutual Fertilizer Co.,* 8 *Ga. App.* 714 (2) (70 S. E. 851), that the recovery of attorney's fees could not be prevented by a tender of a certified check for the principal and interest, even

if timely made. Such a check *could have been* accepted as payment by the plaintiff himself, the parties so intending. In the case at bar, the parties did intend both an extension of the maturity of the note and a dismissal of the action. By the terms of the novation the plaintiff waived every right which he had in that action, and in order to recover anything upon the note a new suit would have been necessary.

This case is altogether different from those numerous cases in which it is held, under the Civil Code, § 3364, that after the filing of a suit no person, whether the litigant or not, can settle the suit, or the cause of action therein laid, so as to defeat the lien of the attorney for his fees, and that the attorney, notwithstanding any such settlement of the suit or the cause of action, has the right to prosecute the suit in the name of his client for the recovery of his fees. Such cases are founded upon the liability of the *plaintiff* to the attorney for the payment of his fees, for which he has a lien upon the suit, judgment, or decree, with the identical right and power over the same "to enforce their liens, as their clients had or may have for the amount due thereon to them." This right of lien provided to the attorney applies to the amount of the main cause of action in favor of his client, and does not contemplate an *enlargement of the defendant's liability,* although if the defendant, with notice of the suit, shall settle with the client, he may be subject to the payment of a part of the *same liability twice.* Such right of lien in the attorney does not extend to the attorney's fees stipulated for in the promissory note, where the plaintiff himself may not recover the same. "While attorneys at law have the same right and power over suits brought in behalf of their clients to enforce their lien for fees as their clients have, and such suits may be prosecuted for the benefit of the attorney, having a lien, notwithstanding a settlement between the parties to the suit, made without the knowledge or consent of the attorney, still there can be no recovery in behalf of the attorney, unless the evidence is of such a character as would have authorized a recovery by the client if the suit were still proceeding for his benefit." *Atlanta Ry. & Power Co.* v. *Owens,* 119 *Ga.* 833 (1) (47 S. E. 213).

The attorney in this case having no contract for the recovery of any fees except such as might be recovered of the defendant in addition to principal and interest, the case does not present facts

making proper the application of the Civil Code, § 3364, or of any of the decisions of this court or of the Supreme Court founded upon this code section. If the attorney's contract with his client had provided for a fee *generally* out of whatever sum the plaintiff might recover, he would have been entitled to prosecute the suit for the purpose of recovering his fee from the defendant, notwithstanding the agreement between the parties with reference to the dismissal of the suit. In that case the defendant theoretically would not have been required to pay more than the amount of his fixed liability, although paying a part of it twice because of his failure to respect a lien of which he had notice. The attorney having restricted his claim for compensation to a contingent liability of the defendant, which the latter had the right to avoid by satisfying the plaintiff on or before the return day, he cannot hold the defendant liable when the defendant has exercised that right. This contingency was founded in the law, and the attorney's agreement to perform the service upon the terms named was necessarily subject thereto.

But it is contended further by the complaining attorney that the adjustment between his client and the defendant was a collusive one, entered into for the very purpose of avoiding the payment by the defendant of the fees stipulated in the note; and that it "should not be countenanced by the law," otherwise there would be nothing to prevent the plaintiff and the defendant from eliminating the attorney under any sort of a pretended "settlement," in no sense a real payment. We think it is clear from what we have stated above that the plaintiff himself, in the face of the settlement, could not have prosecuted the suit for the purpose of subjecting the defendant to the payment of such fees, and that if the plaintiff cannot do so, neither can his attorney.

It appears that the defendant was seeking merely to exercise a right given him by the law to avoid the payment of attorney's fees, if he could do so, by satisfying the plaintiff. So long as he acted within his rights, what he did was not invalidated merely because it may have occasioned loss to the plaintiff's attorney.

As stated at the outset, the attorney's fees provided for in a promissory note, when recoverable, are in the nature of liquidated damages inuring to the benefit of the plaintiff, and are not a provision for the benefit of his attorney. It was said in the *Rylee*

case, supra (see headnote 6), that "a plaintiff who has given the required notice entitling him to recover attorney's fees may waive them by settling with the defendant in full, or by accepting payments thereon from the defendant, under an agreement or understanding not to insist on the liability created by the notice;" but we do not find it necessary to apply this ruling in the instant case.

We think that the trial court was right in directing the verdict in favor of the defendant, and in thereafter overruling the motion for a new trial.

An attorney accepting a note for collection in which is a stipulation for the payment of attorney's fees by the maker may, by a proper contract with his client, not limited as was the case here, amply protect himself against the possibility of a loss of all fees by a settlement between the parties, although such settlement might preclude a recovery upon the stipulation made in the note. We do not think that our decision should necessarily be followed by such hardships upon attorneys as the counsel for the plaintiff in error seem to apprehend, but regardless of any consideration of that character, our duty is to express the law as we find it, and this we have done according to our understanding.

Whether or not the attorney complaining in this case might have a right of action against his client is a matter not now for decision, and nothing said is intended to decide any such question. As to whether, if he has such right, the action should be upon an express or an implied contract, see *Stephens* v. *Fulford,* 153 *Ga.* 637 (1, 2) (112 S. E. 894).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*