## EHRLICH v. BELL.

HINES, J. 1. The petition set forth a cause of action, and the trial judge did not err in overruling the grounds, general and special, of the demurrer thereto.

2. Where the plaintiff in his petition, anticipating the defense which the defendant would set up to his cause of action, alleged that the defendant was estopped from setting up such defense, by reason of a judgment obtained in a former suit in the city court of Swainsboro, in which the same defense was involved and adjudged against the defendant, and where the defendant in his answer alleged, in avoidance of the estoppel by judgment thus pleaded by the plaintiff, that when the former suit in the city court was called for trial he moved the court to have the case reported stenographically, when the court informed him that the stenographer was ill and not in attendance upon the court, that in consequence said case was tried without being reported, that he filed a motion for new trial therein, that the brief of evidence had to be prepared from memory, that the parties failed to agree upon the evidence introduced on the trial of the case, that the judge of the city court approved the brief of evidence prepared by counsel for the plaintiff, which the defendant then contended and now contends was not an accurate statement of the evidence produced upon the trial of the case, that in the former suit only $100 was directly involved, while, if the estoppel set up by the plaintiff be sustained, more than $2,000 was indirectly involved in the trial of the former action, that the law creating said city court does not give to a party the right to have a case reported unless the amount involved is $500 or more, that in consequence "this defendant should, in equity, be given a full hearing and a complete right to be heard on appeal with a stenographic report of the evidence and the charge of the court upon the issues involved in his cause;" and where the defendant prayed "the court for equitable relief from the estoppel pleaded in the plaintiff's petition, if it should be held that a legal estoppel has been pleaded by the plaintiff, and that all the facts in his defense be heard and passed upon by the jury in this court," *Held:*

(a) A judgment of a court of competent jurisdiction will only be set aside by a decree in equity for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fraud of the petitioner. Civil Code (1910), §§ 4584, 5965.

(b) Where parties disagree as to the correctness of a brief of evidence, and the trial judge approves a brief of evidence prepared by counsel for the plaintiff, a court of equity will not set aside or disregard such order, where the judgment is entered in the cause in favor of the plaintiff in consequence of the overruling of the motion for new trial, upon the bare

Appeal and Error, 4 C. J. p. 416, n..87; p. 516, n. 16; p. 1158, n. 19, 20, 21.

Judgments, 34 C. J. p. 321, n. 86; p. 322, n. 87, 88; p. 902, n. 92; p. 921, n. 78.

Landlord and Tenant, 36 C. J. p. 402, n. 49; p. 450, n. 64; p. 456, n. 24. Pleading, 31 Cyc. p. 289, n. 60.

allegation of the defendant that such brief of evidence is incorrect, there being no allegation of accident, mistake, or fraud, or other acts of the adverse party unmixed with the negligence or fraud of the complainant, which brought about such order approving the brief of evidence. The certificate of the trial judge approving this brief of evidence is conclusive of its correctness.

3. The original petition set forth a cause of action which entitled the plaintiff to recover, and also an estoppel by judgment which would prevent the defendant from setting up the only defense which he made to the plaintiff's cause of action. In his answer the defendant admitted the substantial allegations of the petition, but pleaded to the action said defense, which he was by judgment estopped from making. The court did not err in directing a verdict for the installments of rent due when the suit was commenced, for any of the reasons alleged by the defendant.

4. By an amendment to his petition plaintiff alleged that installments of rent had become due since the filing of the petition, and he prayed for judgment for the installments of rent due when his suit was commenced and for the installments of rent which became due thereafter. This amendment was allowed by the court. The court directed a verdict in favor of the plaintiff for both of said installments. *Held*, that the plaintiff could not obtain judgment on the installments of rent which, at the time suit was filed, were not due; and the court erred in directing a verdict in favor of the plaintiff for these installments. *Keen* v. *McAfee*, 116 *Ga.* 728 (42 S. E. 1022).

5. The judgment of the court below is reversed, with direction that the judgment be so amended as to embrace only the installments of rent which were due when the suit was commenced, with interest and attorney's fees, and without prejudice to the rights of the plaintiff to recover hereafter in a proper proceeding the installments of rent not due when the present suit was filed.

*Judgment reversed, with direction. All the Justices concur.*

No. 5458. JANUARY 14, 1927.

Complaint. Before Judge Hardeman. Emanuel superior court. May 14, 1926.

Bell brought suit against Ehrlich, in Emanuel superior court, to recover $1,000 rent due for described premises under a lease between the parties. His petition alleged the following facts: The term of the lease was for five years, beginning April 1, 1921, and ending April 1, 1926. The rent was payable in monthly installments of $100, at the end of each month. Ehrlich remained in possession of the premises under this lease through March, 1924. He refused to pay the rent for the month of April of that year. On May 5, 1924, Bell sued out a distress warrant for the rent of the premises for that month, which was levied, and Ehrlich filed his counter-affidavit in which he alleged that the rent dis-

trained for was not due, because Bell had failed and refused to repair the roof of the building, after notice to do so, in consequence of which the premises became untenantable and he was compelled to remove his stock of merchandise from said building because of the leaky condition of the roof, and that in consequence the lease contract was breached by Bell, and Ehrlich was released and relieved from any duty or obligation to pay rent thereunder. The case was returned to the city court of Swainsboro, and upon the trial the jury returned a verdict finding in favor of Bell the full sum distrained for, with interest. Ehrlich moved for a new trial, which, on October 4, 1924, was overruled. To this judgment he did not except. On August 2, 1924, judgment was entered upon said verdict for the full amount sued for, with interest, and the same was paid by the defendant. Notwithstanding the finding of said issue against him, Ehrlich still refuses on the same ground to pay the subsequent rent due under the lease contract, amounting to $1,000, with interest and ten per cent. of the principal and interest as attorney's fees, said lease providing for the payment of the latter. Bell, in his petition in this case, pleads his judgment in the city court as estopping Ehrlich from again setting up the defense which was determined against him in that case. Attached to the petition in the present case are copies of the entire proceedings in the distress-warrant proceeding in the city court, including the motion for new trial made by the defendant, the brief of evidence, and the charge of the court. This suit was commenced on March 24, 1925. On April 19, 1926, Bell amended and alleged that since the filing of his petition additional rents amounting to $700 had accrued. He prayed judgment for $1,700 principal, with interest. This amendment was allowed by the court, without objection. Ehrlich demurred generally to the petition on the ground that it set forth no cause of action, and specially upon various grounds. The demurrer was overruled. To this judgment the defendant excepted.

In his answer the defendant alleges, in avoidance of the estoppel claimed by the plaintiff under the judgment obtained against him in the distress warrant proceeding in the city court of Swainsboro, the following facts: When the case in the city court was called for trial the defendant moved the court to have the case reported by its stenographer. The court informed the defendant that the

stenographer was ill and not in attendance upon the court, and thus said case was tried without being reported. The defendant filed a motion for new trial in said case. The brief of evidence had to be prepared from memory. The parties failed to agree upon the evidence introduced upon the trial, and the judge of the city court entered his approval of the brief of evidence prepared by counsel for the plaintiff, which the defendant then contended and now contends was not an accurate statement of the evidence produced upon the trial of the case. In the distress-warrant case only $100 was directly involved, while, if the contentions of the plaintiff set out in his petition should be sustained, more than $2,000 was indirectly involved in the trial of the distress-warrant case. The law of the city court of Swainsboro does not give a party the right to have a case reported unless the amount involved is $500 or more. In consequence "this defendant should, in equity, be given a full hearing and a complete right to be heard on appeal, with a stenographic report of the evidence and the charge of the court upon the issues involved in his cause." He therefore "prays the court for equitable relief from the estoppel pleaded in the plaintiff's petition, if it should be held that a legal estoppel has been pleaded by the plaintiff, and that all the facts in his defense be heard and passed upon by the jury in this court." The defendant admitted the execution of the lease between him and the plaintiff, the occupancy of the premises for the time alleged in the petition, the notice to hold him for attorney's fees, and set up the same defense against the payment of the subsequent rent due under the contract which he had made in the distress-warrant proceeding in the city court of Swainsboro.

This case coming on for trial in the superior court, without the introduction of evidence for either party, the trial judge, under the pleadings, directed a verdict in favor of the plaintiff for the full amount of the rent due under the lease contract, with interest thereon, and ten per cent. of the original amount of principal and interest sued for as attorney's fees. The defendant made a motion for new trial upon the general grounds, and, by amendment, on the special grounds: (1) that he is entitled to the equitable relief prayed for and denied him by the court; (2) that the plaintiff did not prove the original record relied upon by him as constituting an estoppel to the defense which he sought to set up; and (3) that

he "was denied a fair and full hearing of the issues raised by him in the courts of this State." The court overruled the motion, and the defendant excepted.

T. N. Brown, for plaintiff in error. I. W. Rountree, contra.