18553. FOWLER *et al. v.* BANK OF COMMERCE.

BELL, J. 1. Where a suit is brought upon a promissory note obligating the maker to pay a certain per cent. of the principal and interest as attorney's fees, and where the petition contains allegations showing that the plaintiff gave to the defendant the notice prescribed by the Civil Code (1910), § 4252, as a prerequisite to the recovery of such fees, the note is an unconditional contract in so far as it stipulates for the payment of principal and interest, but is a conditional contract in so far as it obligates the maker to pay attorney's fees. Being conditional in part, the note is not "an unconditional contract in writing," and even though the suit thereon should be in default, the case is not one in which the court, under section 5660 of the Civil Code, is authorized to render a judgment in favor of the plaintiff without a jury, as in undefended suits on unconditional contracts in writing. Where, in such a case, a judgment in favor of the plaintiff for principal, interest, and attorney's fees is so rendered by the court without a jury, the portion of the judgment relating to attorney's fees is illegal. *Valdosta, Moultrie & Western R. Co. v. Citizens Bank of Valdosta,* 14 *Ga. App.* 329 (80 S. E. 913); *Deal v. Glenville Bank,* 21 *Ga. App.* 619 (94 S. E. 835).

2. But where in such judgment the principal, interest, and attorney's fees are stated in separate and distinct amounts, "the mere improper inclusion of the attorney's fees will not have the effect of rendering the entire judgment void, but it may be purged of the attorney's fees and allowed to stand for the principal, interest, and cost." *Wheeler* v. *Martin,* 145 *Ga.* 164 (3) (88 S. E. 951). In the present case, the plaintiff having written from the judgment the amount included as attorney's fees, the error therein was cured and the court then properly refused the defendant's motion to set the judgment aside. ·

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 22, 1928.

■■■■■■■■■■■■■■■■■■■■■

*Graham Wright,* for plaintiffs in error.
*Wesley Shropshire,* contra.