## 44266. WILLIAMS v. STANCIL et al.

BELL, Presiding Judge. A. W. Williams sued on a distress warrant against Guy Stancil, alleging that defendant was indebted to plaintiff in the sum of $5,000 for rent of described premises, including double rent due as a result of dispossessory proceedings. Defendant filed a counter-affidavit and replevied the property by giving bond for the eventual condemnation money with J. L. Fulenwilder as surety. Plaintiff afterwards made a motion for a judgment by default based on defendant's wilful failure to appear for the taking of his deposition. On March 19, 1968, the court granted the motion and entered judgment against defendant and his surety in the principal sum of $10,000. At a subsequent term of court the surety filed a motion seeking to correct the amount of the judgment. On November 14, 1968, the court granted the surety's motion and amended its previous judgment by reducing the principal sum to $5,000.

1. So far as it exceeded the amount of the indebtedness shown in plaintiff's distress warrant, the judgment by default was not authorized. See *Code Ann.* § 81A-154 (c): "A judgment by default shall not . . . exceed in amount that prayed for in the demand for judgment." Not only mere clerical errors, but also irregularities in the judgment, if they appear on the face of the record, may be corrected after the expiration of the term; and irregular judgments may be made perfect. *Latimer v. Sweat,* 125 Ga. 475, 477 (54 SE 673); *Bank of Tupelo v. Collier,* 192 Ga. 409, 412 (15 SE 499). See also *Code Ann.* § 81A-160 (g). A judgment by default may be corrected to conform to the pleadings at a subsequent term of the court and even after execution has been issued and the property sold. *Elliott v. Wilks,* 16 Ga. App. 466 (85 SE 679). The excess amount in this case being a mere irregularity appearing on the face of the record, it was not error to grant the surety's motion and to amend the judgment accordingly.

2. The law governing proceedings for distraint for rent must be strictly construed. *Brown v. Cobb Fed. Savings &c. Assn.,*

116 Ga. App. 766 (158 SE2d 925). Unless it is shown that the tenant is seeking to remove his goods from the premises a distress warrant will not lie for rent before it is due. *Code* § 61-401; *James v. Benjamin,* 72 Ga. 185 (1). When a distress warrant is arrested by counter-affidavit and replevy bond, the proceeding is converted into an ordinary action for rent. *Phillips v. Rawls,* 46 Ga. App. 200 (1) (167 SE 189). In a suit for rent a landlord cannot recover instalments which become due after the suit is filed. *Ehrlich v. Bell,* 163 Ga. 547 (4) (136 SE 423). Likewise, a plaintiff in a distress warrant proceeding is not entitled to recover rent which accrues after issuance of the warrant. It follows that the court did not err in refusing to vacate its order of November 14 and to allow plaintiff to amend his pleadings so as to seek sums of rent accruing in the intervening time between issuance of the warrant and the judgment of March 19.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

ARGUED FEBRUARY 4, 1969—DECIDED JUNE 16, 1969.

*Hammond Johnson, Jr.,* for appellant.
*Telford, Wayne & Stewart, Joe K. Telford,* for appellees.