1230.   GLEATON *v.* FULTON BAG & COTTON MILLS.

A contract between employer and employee that the latter will not quit without giving a week's notice, and that if he does quit without giving a week's notice the employer shall retain a week's wages as liquidated damages, is reasonable and enforceable.

Certiorari, from Fulton superior court—Judge Ellis.  May 18, 1908.

Argued July 16, 1908.—Decided January 27, 1909.

*T. J. Ripley,* for plaintiff.

*Slaton & Phillips, Virlyn B. Moore,* for defendant.

PowELL, J.  The plaintiff sued for a week's wages earned by him in the employment of the defendant. He seeks here to review a judgment in the lower court in favor of the defendant. He had agreed, in the contract of employment, that he would not quit work without giving his employer one week's notice of his intention to do so, and that if he did quit without notice, his employer should retain one week's wages as liquidated damages. He worked throughout the week, but on Sunday was arrested, and as he naively expresses it in his testimony, did not regain his liberty until more than two months later. As to whether he was innocent or guilty of the offense for which he was arrested, as to whether he was acquitted or convicted, there is in his testimony a silence pregnant with an admission; for a party's own testimony, if equivocal or uncertain, is taken most strongly against him. The contract by

which the employer was to retain one week's wages was not an agreement for a forfeiture, but was for liquidated damages. Such contracts are reasonable and enforceable. *Willis* v. *Muscogee Mfg. Co.,* 120 *Ga.* 597 (48 S. E. 177). See also *Ga. Pac. Ry. Co.* v. *Dooley,* 86 *Ga.* 298 (12 S. E. 293, 12 L. R. A. 342), and cases cited; Harmon v. Salmon Falls, Mfg. Co., 35 Me. 447 (58 Am. Dec. 718, and notes); Timberlake *v.* Thayer, 71 Miss. 279 (14 So. 446, 24 L. R. A. 231, and notes). The servant here showed no sufficient excuse for his non-performance of his contract. Even if his arrest for an offense of which he was not guilty would have operated to relieve him from his agreement not to quit without notice, he did not make it appear that he was improperly accused and arrested in the present case. It did appear that he had broken his contract.

*Judgment affirmed.*

Russell, J. I concur only because prima facie the plaintiff violated his contract. Thereupon the burden was upon him to show that his absence and consequent failure to give the notice was without fault upon his part, and this burden he failed to carry.