## 4150. MONK v. NATIONAL BANK OF TIFTON.

1. A contract which embraces more than one stipulation may be in party unconditional, and partly conditional and contingent.

2. The plea of a defendant denying liability under those stipulations of the contract which are unconditional must be verified, or it should be stricken; but a defendant's denial of an alleged liability for attorney's fees, entirely dependent upon the plaintiff's averment that the plaintiff had given the defendant the requisite statutory notice, need not be verified, unless the petition is verified.

DECIDED FEBRUARY 11, 1913.

Complaint; from city court of Tifton—Judge R. Eve. April 6, 1912.

*R. D. Smith,* for plaintiff in error. *Fulwood & Skeen,* contra.

RUSSELL, J. The only question raised in this case is whether a note is such an unconditional contract in writing as that liability for the attorney's fees therein stipulated can not be questioned unless the defendant's answer is under oath. The suit was upon a note which contained a promise to pay attorney's fees of ten per cent. upon principal and interest if the note should·be "given out for collection." The third paragraph of the petition alleged timely service upon the defendant of a notice of intention to sue, which fully complied with the statute. The defendant's answer specifically

denied the allegation of the third paragraph, but the answer was not sworn to, and was stricken as a whole by the court, upon oral motion. There can be no question as to the correctness of the ruling of the trial judge in striking all of the defendant's answer except his denial of those allegations which sought to impose upon him liability for attorney's fees. The plaintiff in error does not insist to the contrary. Counsel for the defendant in error insist that as the note evidences an unconditional promise to pay a certain sum of money, and the case is founded upon this unconditional contract in writing, the whole includes all the parts, and, therefore, that "a plea which attempts to set up a defense to any part of an unconditional written contract must be sworn to, as well as the plea to the whole of said contract." The ruling in *Coleman* v. *Slade,* 75 *Ga.* 63 (14), is cited in support of this proposition, as well as the code provision that the court shall render judgment without the verdict of a jury in all cases founded on unconditional contracts in writing, where an issuable defense is not filed on oath. Civil Code, §§ 5660, 6295. We confess that there is some force in the argument of counsel, but it must be remembered that the decision in the *Coleman* case, supra, was made before the passage of the act of 1890, commonly known as the "Twitty bill," which, as amended, is embodied in section 4252 of the Civil Code. This legislative expression upon the subject of attorney's fees has entirely changed the principle upon which they were considered at the time that decision was rendered. Under the provisions of this code section, attorney's fees are not a part of the original debt and a natural consequence thereof—as is interest, but are to be treated as an independent promise, which is only valid and enforceable if the provisions of the section, with reference to the collection of such fees, are strictly complied with. See *Gibbs* v. *Mt. Vernon Bank,* 1 *Ga. App.* 662 (58 S. E. 269). Viewed in this light, a stipulation in a promissory note, to pay attorney's fees, is not, and by law can not ordinarily be an unconditional contract; for the payment of the attorney's fees is absolutely conditioned upon timely service of the notice required by law. *Savannah Bank & Trust Co.* v. *Purvis,* 6 *Ga. App.* 275; *Pendergrast* v. *Greeson,* 6 *Ga. App.* 47; *Livingston* v. *Salter,* 6 *Ga. App.* 377 (2); *Rylee* v. *Bank of Statham,* 7 *Ga. App.* 490 (4, 5, 6); *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 649.

It may be that under the ruling in *Dye* v. *Peacock, 5 Ga. App.* 420, where a suit is for principal, interest, and attorney's fees, and the defendant admits a prima facie case, the plaintiff might recover attorney's fees without proof that the statutory notice had been served; though a decision upon that point was not involved in that case, for the judgment did not include attorney's fees. In the opinion of the writer, a defendant can admit a prima facie case of liability upon a note without admitting that he has been duly served with the statutory notice which is requisite to fix upon him liability for attorney's fees. The two obligations are distinct. The admission which the defendant is required to make in order to assume the burden of proof, to wit, that he executed the note, and that the plaintiff is entitled to maintain his action, and is prima facie entitled to recover the full amount stipulated in the note (and of course the interest follows the principal), does not include the attorney's fees; for the reason that the promise to pay the principal of the note is unconditional, whereas the obligation to pay attorney's fees is conditional and wholly dependent upon circumstances extraneous to and independent of the promise to pay the indebtedness. Besides, if the defendant, by sustaining his defense, defeats recovery upon the note, there can not be attorney's fees. In *Jester* v. *Bainbridge State Bank, 4 Ga. App.* 475, we held that, the plea having been stricken, it was not error to enter judgment by default for the principal and interest, and for attorney's fees; but in that case there was no denial of the allegations of the petition as to attorney's fees, and for that reason it was properly held that the averments of the petition upon this subject were to be taken as true. In the *Jester* case we called attention to the ruling in *Webb* v. *Sims, 3 Ga. App.* 639 (3), and pointed out that in the *Webb* case the allegation as to service of notice of claim for attorney's fees, and of liability therefor, was denied by the defendant's answer, and that as there was an issue upon this point, a judgment for attorney's fees could not be rendered in the absence of evidence. That ruling would seem to be applicable to the case at bar. The defendant in the instant case, so far from admitting a prima facie case, denied indebtedness altogether. In *Ivy* v. *Payne, 8 Ga. App.* 760 (70 S. E. 140), we held that where the case was in default, and the petition recited the giving of the statutory notice, the judge might, without further proof, direct a

verdict in favor of the plaintiff for the amount sued for; but that ruling was distinctly placed upon the consideration that the failure of the defendant amounted to an admission of liability for attorney's fees, which would dispense with proof.

This court has uniformly held that the obligation for attorney's fees in a promissory note is distinct from the obligation to pay the principal and interest thereon, and that wherever liability for attorney's fees is denied, an issue of fact is presented. The plea of the defendant in the present case properly raised that issue, and the court therefore erred in striking that portion of the defendant's answer, and in thereafter rendering judgment for attorney's fees without proof that the notice had been served.

*Judgment reversed.*