### 4552.   TURNER *et al. v.* BANK OF MAYSVILLE.

1. A contract may be in part conditional and in part unconditional. A note, such as that which is the basis of this suit, may be unconditional in so far as it relates to the payment of the principal and interest, but a stipulation under which the maker agrees to pay ten per cent. on the amount of the note as attorney's fees is by law conditioned upon proof that the maker was served with the ten-days notice required by law (Civil Code, § 4252); and for this reason attorney's fees can not be recovered unless it appears from the defendant's answer, or from failure to deny a proper allegation of the statutory notice, or from testimony introduced on the trial, that he was notified as required by law.
2. Even though the suit be in default, it is error, in the absence of proof that the defendant was notified of the claim for attorney's fees as required by law, to enter judgment for attorney's fees in a suit upon a promissory note containing a stipulation for the payment of such fees.

DECIDED AUGUST 30, 1913.

Complaint; from city court of Jefferson—Judge Johns. October 8, 1912.

*J. S. Ayers,* for plaintiffs in error.   *A. C. Brown,* contra.

RUSSELL, C. J. The Bank of Maysville brought suit upon a note, against Turner as principal and Holder as indorser or guarantor. In the note the maker promised to pay all costs of collection, including ten per cent. attorney's fees. The defendants filed no answer, and the judge entered judgment by default, as upon an unconditional contract in writing, for the amount of the note and for attorney's fees of ten per cent. of the amount of the principal and interest. It appears from the record that there was no evidence that the notice required in section 4252 of the Civil Code had been given.

This judgment was erroneous. Under the provisions of the Civil Code, §§ 5660, 6295, 6296, and 6516, the trial court is authorized to render judgment in all cases founded upon unconditional contracts in writing, when no issuable defense is filed under oath. But since a contract may be in part conditional and in part un-

conditional, it is plainly to be seen that the stipulation as to attorney's fees is a conditional contract, and therefore the allegation upon the point of the notice of claim of attorney's fees must be supported by proof. *Monk* v. *National Bank of Tifton,* 12 *Ga. App.* 253 (76 S. E. 278). If the holder of a note should settle or compromise with his debtor, he might abandon his claim for attorney's fees; and whether this happened or not, the notice required by law, and which is necessary to bind the maker of the note for the payment of attorney's fees, must be proved to have been given. The fact that the case is in default does not relieve the plaintiff from the necessity of proving that the defendant was notified, at least ten days before the return day of the term to which the suit was brought, to the effect that he expected to claim attorney's fees.

A note, such as that which is the basis of the pending suit, may be unconditional in so far as it relates to the payment of the principal and interest, but the stipulation under which the maker of the note agrees to pay ten per cent. attorney's fees is by law conditioned upon proof that the maker of the note was served with the ten-days notice required by law (Civil Code, § 4252); and for that reason attorney's fees can not be recovered unless it appears from the admissions of the defendant, in his answer, or from testimony introduced upon the trial, that he was notified as required by law. A substitute for other proof may be found in the fact that an appropriate and sufficient averment of notice in the plaintiff's petition is not denied by the defendant, but there must be proof before the stipulation as to attorney's fees, which is by law conditional, can be enforced. In the present case the judgment rendered was that provided by the code in cases of unconditional contracts in writing, where no issuable defense is filed on oath. Since there was no answer at all on the part of the defendants, if the court had been sitting as a jury, passing alike upon issues of law and fact (as in instances where such issues are submitted to the court unless there is a demand for trial by jury), the failure to answer would have authorized the court to find that there had been such notice of a demand for attorney's fees as would impose liability upon the defendants, and the court would have been authorized, in passing upon the fact of notice, to enter an appropriate judgment. However, it is apparent, from the judgment rendered in this case, that

the court did not have in mind or consider the question of proof of the notice, either as conveyed by the pleadings or other evidence, but proceeded to enter judgment upon the contract as being wholly unconditional. The judgment was therefore erroneous. As to the unconditional portion of the contract here involved, the judge was legally authorized to enter judgment as a court; as to the attorney's fees he was necessarily compelled to occupy the position of a juror. There was no evidence that the trial by jury was waived. No effort was made to prove that the required notice was given, and therefore the judgment for attorney's fees is without evidence to support it. The court entered the judgment for attorney's fees without giving the defendant an opportunity to discharge his obligation free from this burden. *Gibbs* v. *Mt. Vernon Bank*, 1 *Ga. App.* 662 (58 S. E. 269). In this we think the court erred; and for this reason we order that the plaintiff write off the attorney's fees which were awarded to it, as well as the sum of $37.31, excess of interest, which was included in the judgment by mistake in the calculation of the interest, and that the costs be taxed against the defendant in error.

*Judgment affirmed, with direction.*