### 4646.  WALKER *v.* WOOD.

RUSSELL, J.  1. An obligation in a promissory note to pay attorney's fees if it be collected through an attorney at law is conditional; and for that reason, where attorney's fees are claimed in a suit upon such a note, an unsworn answer by the defendant, denying that the statutory notice was given, is sufficient, as to the attorney's fees claimed.

2. Where such an answer was erroneously stricken, it was error to overrule a motion, made during the term, to vacate a judgment in the plaintiff's favor, which included attorney's fees.

3. The stipulation in the note sued on, for the payment of attorney's fees, being conditional, the plaintiff was not entitled to a judgment for attorney's fees as upon an unconditional contract in writing.  *Turner* v. *Bank of Maysville*, 13 *Ga. App.* 547 (79 S. E. 180).

*Judgment reversed.*

DECIDED OCTOBER 7, 1913.  ON MOTION FOR REHEARING OCTOBER 31, 1913.

Motion to vacate judgment; from city court of Atlanta—Judge Reid.  December 14, 1912.

*R. W. Crenshaw, S. D. Hewlett,* for plaintiff in error.
*H. L. Graves,* contra.

### ON MOTION FOR REHEARING.

An unconditional judgment of reversal was entered in this case. Upon a motion for a rehearing, counsel for the plaintiff in the court below indicates his willingness to abandon his claim for attorney's fees; and, in view of the fact that the defendant's answer was properly stricken in so far as it undertook to set up a defense to the recovery of the unconditional part of the note, consisting of the principal and interest due thereon, we now direct that the judgment of the court below may be affirmed, provided the plaintiff will, within ten days after the remittitur is filed in the court below, write off the sum awarded as attorney's fees. If this should not be done, the judgment will stand reversed.