## COWART *v.* BUSH.

FISH, C. J.  1. By the Civil Code (1910), § 4252, it is provided that an obligation to pay attorney's fees upon a note, in addition to the rate of interest specified therein, is void and shall not be enforced, unless the debtor shall fail to pay such debt on or before the return day of the court in which suit is brought for the collection thereof, provided the holder of the note shall notify the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also of the term of court to which it will be brought.

2. This creates a statutory condition, and makes the enforcement of the promise to pay attorney's fees in addition to the principal and interest conditional upon the compliance with the terms of the statute. Accordingly, where a promissory note contains a promise to pay a stated principal, with interest at a fixed rate, and all cost of collection, including ten per cent. attorney's fees, to the extent of the promise to pay attorney's fees the contract is not an unconditional one, but the condition provided in the statute attaches itself to the contract. *Turner* v. *Bank of Maysville*, 13 *Ga. App.* 547 (79 S. E. 180).

3. Where suit was brought on a promissory note containing a promise to pay a principal sum, with interest from maturity at 8 per cent. per annum, and all cost of collection, including 10 per cent. attorney's fees, a plea duly filed, which denied that the defendant was indebted to the plaintiff the amount alleged and that the plaintiff had given the notice required by law in order to recover attorney's fees, and which alleged

that at the time when the defendant executed the note he was a minor, was neither a dilatory plea nor a plea of non est factum; and, the petition not having been verified, such a plea was not required to be filed under oath, and it was error to strike it because not duly verified.

(a) The plea can not be treated as a sufficient plea of non est factum, for want of verification; but as two paragraphs of the petition alleged that the defendant was indebted to the plaintiff the principal, interest, and attorney's fees, and that the notice had been given as required by the statute, the plea was good so far as the attorney's fees were concerned.

4. The court having erroneously stricken the plea of the defendant and directed a verdict for the principal, interest, and attorney's fees claimed in the petition of the plaintiff, a reversal must result.

*Judgment reversed. All the Justices concur.*
JULY 14, 1914.

Complaint. Before Judge Worrill. Miller superior court. October term, 1912.

*W. I. Geer,* for plaintiff in error. *P. D. Rich,* contra.