*M. C. Few,* for plaintiffs in error.

*S. H. Sibley, Williford & Lambert,* contra.

---

## 5949. HENDERSON *v.* SWIFT FERTILIZER WORKS.

WADE, J. 1. Before a motion to set aside a judgment rendered by default can be considered, it must appear that there was a good and meritorious defense to the action, not merely by so alleging, but by setting forth fully the facts which constitute the proposed defense, except in cases where the judgment is absolutely void, when no defense need be shown. Civil Code, § 5656; *Pryor* v. *American Trust & Banking Co.,* 15 *Ga. App.* 822 (84 S. E. 312); *Moss* v. *Anderson,* 10 *Ga. App.* 784-785 (74 S. E. 299); *Ford* v. *Clark,* 129 *Ga.* 292 (58 S. E. 818); 23 Cyc. 949-950-951.

(*a*) The sole defense alleged and set up in the motion to set aside was: that "on or about the———— day of———————1913, petitioner called on the duly authorized agent of the Swift Fertilizer Works, the plaintiff in said case, in Atlanta, Georgia, and on said date entered into a valid and binding agreement with the said plaintiff that the note sued upon in said case should be extended until October 1st, 1913; that the suit upon which judgment was rendered as aforesaid was filed against petitioner on the————day of August, 1913, and therefore said suit was prematurely brought, and no valid judgment could be rendered therein." Under the familiar rule that pleadings must be construed most strongly against the pleader, it may be assumed that the note was past due on the date when it is alleged that the agreement to extend until October, 1913, was made. No legal consideration was set up to support the alleged agreement to postpone the enforcement of a past-due promissory note; and had the defendant interposed such a defense in due time, it would have availed him nothing whatever. *Crawford* v. *Gaulden,* 33 *Ga.* 173 (4, 5); *Tatum* v. *Morgan,* 108 *Ga.* 336 (33 S. E. 940); *Davis* v. *Morgan,* 117 *Ga.* 504-507 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171). The allegation that the agreement was "valid and binding" stated a mere conclusion.

2. Where service is denied, the return of the officer making the entry of service must be traversed and the officer himself made a party to the proceeding. This was not done in this case.

3. The suit was based upon an unconditional contract in writing which provided for the payment of attorney's fees, but collection of such fees was conditional upon the performance of certain legal requirements. The judgment recites that written notice, as required by law, was served on the defendant, and proof was made of the notice and of service thereof. The act of 1913, establishing the city court of Irwin county (Acts 1913, p. 221), not only provides (§ 17) that judgment may be entered at the appearance term without the intervention of a jury in all cases founded upon unconditional contracts in writing, and in all cases where suit is brought on a liquidated demand or on an account positively verified under oath by the plaintiff, etc., but it further provides in the same section that if a case "is otherwise ripe for trial and there is no issue of fact left among the pleadings, then in like manner the court shall give judgment at such appearance term without the intervention of a jury." This language is broad enough to authorize the rendition of a judgment for attorney's fees where a case is in default, and where proof of a compliance on the part of the plaintiff with the legal requirements authorizing such a judgment is made to the court sitting as a jury. See *Monk* v. *National Bank of Tifton,* 12 *Ga. App.* 253 (76 S. E. 278); *Turner* v. *Bank of Maysville,* 13 *Ga. App.* 547-548 (79 S. E. 180).

4. Where, upon his application before the commencement of a term of the court, a general leave of absence is granted to a defendant, the leave can not apply to a case which is in default, especially where the defendant alleges, in his motion to set aside a judgment rendered against him in such a case, that he had never been served and had never acknowledged service in the suit, and hence could not even have had in mind this particular suit when applying for the leave of absence. Besides, in this case the presence of the defendant could have availed nothing, since he had no legal defense to interpose.

5. The court did not err in sustaining the demurrer to the motion to set aside the judgment.                                  *Judgment affirmed.*

DECIDED JUNE 11, 1915.

Motion to set aside judgment; from city court of Irwin county —Judge Newbern. June 29, 1914.

*Walter M. Rogers, H. J. Quincey,* for plaintiff in error.
*R. M. Bryson, Tye, Peeples & Jordan,* contra.