5965.   WALTON *v.* WILLIAM HESTER MARBLE CO.

1. Under the rulings of the Supreme Court in *Cowart* v. *Bush,* 142 *Ga.* 48 (82 S. E. 441), and of this court in *Turner* v. *Bank of Maysville,* 13 *Ga. App.* 547 (79 S. E. 180), the answer filed by the defendant in the present case presented an issue of fact, and the plea was good as far as the attorney's fees were concerned. And under the provisions of section 11 of the act establishing the city court of Blakely (Acts 1906, pp. 161, 165), contested civil cases in which issues of fact are involved are triable only at a quarterly term of the court, except by consent of parties.
2. The trial judge therefore erred in striking the entire answer filed by the defendant, and also erred in thereafter entering judgment at a monthly term.

DECIDED SEPTEMBER 11, 1915.

Complaint; from city court of Blakely—Judge Sheffield.   July 20, 1914.

*B. W. Fortson,* for plaintiff in error.

*Glessner & Collins,* contra.

RUSSELL, C. J.   The defendant in error brought a suit to the June monthly term of the city court of Blakely against the plaintiff in error and another person as joint makers of certain promissory notes, and alleged in the petition the giving of the statutory

notice required to bind the defendants for the payment of the attorney's fees provided for in the notes. No copies of the notes were attached to the original petition., The defendant filed a demurrer to the petition, and at the appearance term filed an unsworn answer admitting the jurisdiction of the court, but denying each and all of the paragraphs of the petition. At the July monthly term of the court the defendant's counsel was absent, and the plaintiff's counsel amended the petition by attaching copies of the notes. On motion the court struck the defendant's answer and entered judgment in favor of the plaintiff for the principal, interest, and attorney's fees as stipulated in the notes. The defendant excepts to the judgment striking his answer, and also excepts to the final judgment. Exception is taken upon the ground that the judgment for attorney's fees was not authorized, and also upon the ground that the judgment as a whole is void by reason of the fact that the court should not have given judgment until the next quarterly term. We think both points are well taken. In the decision of this court in *Turner* v. *Bank of Maysville,* supra (which is cited with approval by the Supreme Court in *Cowart* v. *Bush,* supra), it is pointed out that a promissory note containing a stipulation for the payment of attorney's fees is only in part an unconditional contract, and that the enforcement of the promise to pay attorney's fees is conditional upon compliance with the terms of the statute with reference to giving the notice required by law of an intention to insist upon the attorney's fees. In the *Cowart* case, supra, in which the facts were very similar to those here involved, it was held that "a plea duly filed which denied that the defendant was indebted to the plaintiff the amount alleged and that the plaintiff had given the notice required by law in order to recover attorney's fees" was not required to be ·filed under oath, the petition not having been verified, and that the plea was good so far as the attorney's fees were concerned. In paragraph 4 of that decision it is held that "the court having erroneously stricken the plea of the defendant and directed a verdict for principal, interest, and attorney's fees claimed in the petition of the plaintiff, a reversal must result."

If this were the only question involved in this case, we might follow the precedent in *Turner* v. *Bank of Maysville,* supra, and affirm the judgment with direction that the attorney's fees be

written off. However, it seems plain to us that since, as held in the *Cowart* case, supra, the plea as to the attorney's fees was good, and an issue of fact was thereby presented, the disposition of the case at the July monthly term was premature and the judgment rendered at that term was a nullity. Much is said in the argument of counsel for both parties as to the effect of a custom by which cases in the city court of Blakely in which issues of fact are raised are thereby carried over to the subsequent quarterly term, to be tried by a jury. The existence of a custom is a matter of proof, and the record does not disclose any custom. However, it is expressly provided by law (Acts 1906, p. 165) that in the city court of Blakely "contested civil cases in which issues of fact are involved, and criminal cases in which a jury trial is not waived by the defendant, shall be triable only at a quarterly term of the court, except by consent of parties." It is very plain that in the present case neither the defendant nor his counsel consented to the trial; and, since the filing of a good plea as to the attorney's fees brought the case within the category of "contested civil cases in which issues of fact are involved," the city court of Blakely at a monthly term was without jurisdiction to try the case or any issue of fact therein involved.      *Judgment reversed.*