### 6929. O'KELLY v. WELCH.

WADE, J. 1. The suit being upon a contract in writing, in part unconditional and in part conditional, the court did not err in striking that portion of the plea interposed by the defendant which was directed solely to the unconditional part of the contract and sought to deny the indebtedness of the defendant for the amount of the principal and interest due unconditionally under the terms of the contract, as the plea

was not under oath; nor did the court err in thereafter refusing to allow a plea under oath, which was offered by way of amendment to the plea stricken, and which denied the right of the plaintiff to maintain the action.

(a) The fact that the amendment rejected by the court was not verified, as required by section 5640 of the Civil Code, can not be considered by this court as a reason for its rejection, since the judgment rejecting it recites a different reason as the sole ground for that judgment. *Early v. Hampton*, 15 *Ga. App.* 95 (82 S. E. 669); *Upchurch v. Nichols*, 15 *Ga. App.* 359 (83 S. E. 273); *Seawright v. Dickson*, 16 *Ga. App.* 436, 439 (85 S. E. 265); *Southern Ry. Co. v. Atlanta Sand Co.*, 8 *Ga. App.* 315, 316 (68 S. E. 1078). But since the original plea, in so far as it related to the unconditional part of the contract, had been properly stricken, the court did not err in thereafter refusing to allow a plea offered by way of amendment, which itself set up a defense to the unconditional part of the contract, as there was nothing to amend by.

2. However, under the rulings of the Supreme Court in *Cowart v. Bush*, 142 *Ga.* 48 (82 S. E. 441), and of this court in *Turner v. Bank of Maysville*, 13 *Ga. App.* 547 (79 S. E. 180), and *Walton v. William Hester Marble Co.*, 17 *Ga. App.* 75 (86 S. E. 279), the original answer filed by the defendant nevertheless presented an issue of fact, and the plea was good, so far as attorney's fees were concerned. The contract was in part conditional and in part unconditional; and since there was a distinct denial of the plaintiff's allegation as to the statutory notice, the court erred in striking the plea denying the existence of the conditions upon which the obligation to pay attorney's fees would depend.

3. The judgment of the lower court is affirmed, with direction that the judgment be reformed by writing off the attorney's fees, so that it shall be for principal and interest only, and that the defendant in error pay the costs of bringing up the case. *Judgment affirmed, with direction.*

DECIDED MAY 24, 1916.

Complaint; from city court of Athens—Judge West. August 20, 1915.

*O. J. Tolnas,* for plaintiff in error.   *Carl F. Crossley,* contra.