WEATHERS, trustee, *v* PAGA MINING COMPANY *et al.*

GEORGE, J. 1. It was ruled in *Moss* v. *Birch*, 102 *Ga.* 556 (28 S. E. 623), that "Where in a bill of exceptions the only error assigned is that the presiding judge refused to grant an injunction, and the evidence

upon which such refusal was had, being documentary, is set out in full in the bill of exceptions, without any attempt whatever to brief the same having been made as required by the act approved November 13, 1889, but including immaterial and unnecessary portions of many of the documents, according to repeated rulings of this court the evidence so incorporated in the bill of exceptions will not be considered; and there being no question for decision which arises on the pleadings in the case," the judgment will be affirmed. This ruling was followed in *Moreland* v. *Walker*, 141 *Ga*. 541 (81 S. E. 854).

2. Where the evidence on an interlocutory hearing, consisting of affidavits and documents, is by the presiding judge ordered filed as a part of the record, and is so filed, and where the bill of exceptions specifies such affidavits and documents as material to an understanding of the errors complained of, and such affidavits and documents are merely brought to this court as a part of the transcript of record under the certificate of the clerk, but no attempt whatever has been made to brief the same, or to eliminate the immaterial and unnecessary portions thereof, the same will not be considered by this court. A consideration of the evidence submitted on the interlocutory hearing being necessary for the determination of the only questions involved in the case, this court is unable to review the correctness of the final judgment upon the merits; and affirmance of the judgment of the court below must necessarily result.      *Judgment affirmed. All the Justices concur.*

No. 169. DECEMBER 14, 1917.

Equitable petition. Before Judge Fite. Bartow superior court. December 9, 1916.

*William T. Townsend,* for plaintiff in error.

*John T. Norris, Finley & Henson,* and *Paul F. Akin,* contra.