## BAILEY *et al.* v. CITY OF ELBERTON.

1. A resolution by the mayor and council of the City of Elberton, providing for the removal of wooden and sheet-metal awnings in the business section of the city, is prima facie valid.
2. While the governing authorities of the municipality may not needlessly, capriciously, and arbitrarily require the removal of awnings from its streets, whether erected under an express or implied license, the burden is upon the plaintiff to show a needless, capricious, or arbitrary exercise of power by the governing authorities of the municipality; and where the evidence relied upon to show such arbitrary exercise of power, consisting of affidavits, is specified in the bill of exceptions as a part of the record, and such affidavits are brought to this court as a part of the transcript of the record, and not otherwise, no attempt being made to brief such affidavits or to eliminate immaterial and unnecessary portions thereof, such affidavits will not be considered by this court.

No. 2121. NOVEMBER 11, 1920.

Petition for injunction. Before Judge Hodges. Elbert superior court. June 12, 1920.

*J. T. Sisk,* for plaintiffs. *Z. B. Rogers,* for defendant.

GEORGE, J. The mayor and council of the City of Elberton passed a resolution by which it was provided that all wooden and sheet-metal awnings in front of the business houses in the City of Elberton should be removed, and directed the chief of police to see to the removal of the same. The plaintiffs, owners of property in the business section of the city, sought an injunction to prevent the enforcement of the resolution. They do not contend that express legislative authority has ever been conferred upon the City of Elberton to grant the right to erect and permanently maintain awnings over the sidewalks of the city. They do contend that the awnings in question were erected at con-

siderable expense to the several parties plaintiff, with the full knowledge and consent of the city authorities. There is no insistence that the city has not the power to regulate and control its streets and sidewalks. In the absence of such allegation and contention, the contrary is of course assumed. The case presented, therefore, is that the awnings in question were erected under an express or implied license from the city authorities. The necessary conclusion is that an ordinance or resolution revoking the license is prima facie valid, and that its enforcement should not be enjoined. Unquestionably, an awning of any kind extending over the sidewalks of the city is an encroachment and is to some extent an obstruction, and is an obstruction which the city has the power to remove. *Laing* v. *Americus,* 86 *Ga.* 756 (13 S. E. 107); *City Council of Augusta* v. *Burum,* 93 *Ga.* 68 (19 S. E. 820, 26 L. R. A. 340). The fact that the resolution requires the removal of wooden or sheet-metal awnings only will not of itself authorize this court to declare that the resolution is discriminatory and therefore arbitrary and unreasonable.

2. The petition alleges, however, that the resolution requiring the removal of the awnings in question amounts to a needless and capricious exercise of power by the governing authorities of the city. The position is taken that the license, express or implied, under which the awnings were erected, can not be capriciously revoked until the lapse of sufficient time to allow the plaintiffs to realize a fair return, in the use and enjoyment of their awnings, for the expenditures made by them in erecting the same. This allegation of the petition and this contention of the plaintiffs are denied by the city. Evidence upon this question was submitted to the court upon the interlocutory hearing. This evidence, consisting of affidavits, is specified in the bill of exceptions as a part of the record material to an understanding of the errors complained of; and such affidavits are brought to this court as a part of the transcript of the record, and not otherwise. In addition, no attempt has been made to brief the affidavits or to eliminate immaterial and unnecessary portions thereof. Under the settled rule of practice, this court will not consider these affidavits. *Weathers* v. *Paga Mining Co.,* 147 *Ga.* 463 (94 S. E. 579). A consideration of the evidence submitted being necessary for the determination of the question

above indicated, this court is unable to review the correctness of the judgment upon its merits, in so far as the correctness of that judgment depends upon the evidence; and an affirmance of the judgment of the court below must necessarily result, since, as we have already held, the plaintiffs were not entitled to an interlocutory injunction upon the single issue arising from the pleadings in the case.

*Judgment affirmed. All the Justices concur.*