### SIMS, guardian, *v.* SIMS; *et vice versa.*

538

Nos. 6577, 6602. December 15, 1928.

*Hamilton Phinizy* and *Burnside & McWhorter,* for plaintiff.
*Clement E. Sutton,* for defendant.

Beck, P. J.   G. L. Sims as guardian of L. W. Sims, alleged to be insane, brought his petition against A. S. Sims, to have canceled a deed executed on February 15, 1926, by L. W. Sims, conveying a described tract of land to A. S. Sims, on the grounds that the grantor was insane at the time of executing the deed, and was therefore incapable of "acting or doing for himself, and did not understand the consequences of his act, which was well known to the defendant;" and (in paragraph 6 of the petition) that, "while said deed recites a consideration of $1500, petitioner charges that this sum was fictitious, and no consideration whatever was paid for the execution of the deed."  Upon the trial, and after evidence was introduced, the plaintiff offered the following amendment, which was allowed: "That the execution of the deed referred to in the 4th paragraph of plaintiff's petition was procured by undue influence exercised by A. S. Sims, grantee, over the grantor, L. W. Sims, by taking advantage of the impaired mental condition of the grantor existing at the time and known to the grantee, and making him believe that grantor owed grantee for board in a sum equal to the value of the land conveyed; whereas, as a matter of fact, said grantee was in fact heavily indebted at the time to the

grantor, and that, by making said grantor believe that grantee and his wife were grantor's only friends and were the only ones who were willing to look after and care for him in his illness, procured him to execute said deed in consummation of a fraudulent purpose to get grantor's property." Upon the trial the verdict was in favor of the defendant. The plaintiff filed a motion for a new trial, which was overruled, and he excepted. Exceptions to the overruling of the demurrer to paragraph 6 of the petition, and to the allowance of the amendment, are contained in the defendant's cross-bill of exceptions.

■ The original motion for new trial contains the usual general grounds. In the second ground of the amendment to the motion error is assigned upon the following charge of the court: "If you believe from the evidence that L. W. Sims had been weakened by sickness and disease, and that defendant occupied a close and confidential position with L. W. Sims, and that A. S. Sims exercised sufficient control over L. W. Sims to destroy his full agency, and constrained him to execute this deed when he would not have done so if such control had not been exercised, and that such influence, if any, was of such power that it substituted the will of A. S. Sims for that of L. W. Sims, you should find for the plaintiff." This charge was substantially correct. It stated a correct proposition of law applicable to a certain phase of the evidence introduced in the case. If the movant desired a further charge upon this subject, submitting to the jury other features of the evidence which would have authorized them to find that undue influence had been exercised by the defendant to bring about the execution of the deed in question, a timely written request for such charge should have been made.

■ In another ground of the motion error is assigned upon the refusal of a request to give in charge to the jury the following "I charge you, gentlemen of the jury, that when a man is not possessed of that degree of mind and reason equal to a full and clear understanding of the nature of his act—if he can not distinguish between a sale for value and a gift, for example,—and further, when he has no clear and full understanding of the consequences of his act,—for example, is not cognizant that it strips him of his property and vests it in another, or disinherits his children, he is to be held and taken as incapable of consenting, and is insane.

That such intellectual derangement as disables one from understanding, in all cases, the nature and consequences of his acts, is not necessary to establish insanity; for one may reason never so wisely and learnedly, and yet be insane as to particular persons or things." This request in part lays down too broad and stringent a rule for testing mental capacity which is sufficient to enable one to contract, especially where it states in substance that a party to a contract "is to be held and taken as incapable of consenting, and is insane . . when he is not possessed of that degree of mind and reason equal to a full and clear understanding of the nature of his act, . . and when he has no clear and full understanding of the consequences of his act." And the illustrations contained in the request to charge as to what would constitute that condition of mind do not relieve the general rule stated in the request of its fault. Besides, the charge of the court upon this subject correctly stated the law and the rule for testing the mental capacity of a person to contract. The rule as stated by the court in his charge was as follows: "I charge you, gentlemen of the jury, that an insane person can not contract. A lunatic may contract during lucid intervals; after guardianship he can not. Every contract must be founded in the free and voluntary consent of the parties, upon a valuable consideration, and after deliberate knowledge of its character and obligation. Neither one of these conditions can be made by an idiot, lunatic, or other person non compos mentis, whether from age, imbecility, or personal infirmity, and the contracts of all such persons are utterly void. I charge you that if you believe from the evidence submitted to you, and under the rules of law given you in charge, that L. W. Sims, the maker of the deed, was insane at the time of its execution, that is, non compos mentis, that is, did not have sufficient mental capacity to understand or comprehend the nature and terms of the contract and obligation and assent thereto, then the contract would be void, and you should so find."

Grounds 6, 7, and 8 of the motion for new trial are as follows: (6) "Because the court failed to present to the jury the vital issue made by plaintiff in his petition, that the deed sought to be canceled was without consideration; it being undisputed that the only consideration for such deed was meals furnished and services rendered by the grantee in said deed, and the law raising the

presumption that they were furnished and rendered gratuitously by reason of the relation of brothers between the parties, and there being no evidence rebutting said presumption, but, on the contrary, the evidence indicating that no charge for or payments of said meals or services were ever made."

(7) "Because the court failed to charge the jury that they were entitled to consider the want of consideration of said deed, in connection with weakness of mind of the said L. W. Sims at the time of the execution of said deed, and of his then confidential relation with his brother, the grantee. in said deed; weakness of mind accompanied by inadequacy or want of consideration and confidential relations authorizing the remedy of cancellation. Notwithstanding the vital and controlling character of such issue, the jury under the charge of the court as given was unable to pass ,upon it."

(8) "Because the court failed to instruct the jury upon the controlling issue in the case, that where the grantor in a deed is weakened from disease in body, mind, and will power, and is under the influence of a relative who obtained the deed from him, it should be made to appear that the transaction was fair, honest, and free from any undue or improper influence of the controlling mind; and that a transaction under such circumstances will be scrutinized closely by the courts, and if there be the slightest scintilla of fraud, it will be set aside." The failure of the court to charge more fully upon the issues referred to in these three grounds of the motion does not require the grant of a new trial. The essential issues referred to were sufficiently presented to the jury by the court's instructions; and the court was not bound, in the absence of a written request, to present all collateral and subsidiary issues. The two vital issues in the case were, first, as to whether the grantor in the deed was insane at the time of the execution of the deed; and the jury could not have failed to understand from the court's charge that if he was insane at the time of the execution of the instrument, it was rendered void by that fact. And the other vital issue, as to whether or not the execution of the paper was induced and brought about by the exertion on the part of the grantee of undue influence, was also presented to the jury; and they must have understood from the charge that if the proof showed that the instrument was the result of undue influence exerted upon the grantor by the grantee, this latter deed would be

void and should be set aside. These two issues stood out prominently, and were made to stand out prominently by the court's charge. It did not require a lengthy and elaborate charge to make men of intelligence see what were the vital issues in the case; and jurors are assumed to be men of intelligence and experience. And if they were men of intelligence, as we are bound to presume, they must have understood what were the real issues involved in the case under the evidence submitted.

■■ The rulings in headnotes 4 and 5 require no elaboration.

■ In another ground of the motion error is assigned upon the following excerpt from the charge: "The fairness and good faith and conduct of the defendant should have no weight or bearing upon you." Standing alone, this charge might be objectionable; but it ought not to be separated from its context. When the court gave the instruction contained in the sentence just quoted, he was dealing with the contention of the plaintiff that the grantor in the deed was insane at the time of the execution of the instrument; and in dealing with that contention the court charged as follows: "I charge you further, that whether or not the other party to the contract knew that he was dealing with an insane person, and whether he as an ordinarily reasonable and prudent person could or could not have discovered such insanity or mental incapacity, would be immaterial and have no effect upon the contract and would not make it valid and binding. Likewise, the fairness and good faith and conduct of defendant should have no weight or bearing upon you. The deed of an insane person, though made without fraud and for an adequate consideration, may be voided." It will be seen that the court was charging the jury upon the clear, well-defined issue as to whether or not the making of this deed was the act of an insane person. And it is true, as a matter of law, that the fairness and good faith and conduct of the defendant would not affect this precise question; for if the defendant took a conveyance to property from a person who was insane at the time of the execution of the deed, the good faith and conduct of the defendant could not affect the question of the validity of the instrument; it would be void though the fairness and good faith of the defendant was beyond question and his conduct unimpeachable. The conduct of the defendant was brought in question upon other issues made by the pleadings and the evidence, and was submitted

to the jury in the charge; and we are merely ruling here that with reference to the precise issue the court was submitting to the jury when he used the language above quoted and alleged to be erroneous, it is not open to the criticism made upon it.

■ Another ground of the motion is based upon evidence alleged to be newly discovered. That ground is stated in the following language: "That said L. W. Sims, since the rendition of said verdict, or shortly prior thereto, has recovered his sanity, and is now totally unconscious of having executed the deed sought to be canceled, such evidence appearing from the affidavit hereto attached of the said L. W. Sims, and his restoration to sanity appearing from the affidavits of George L. Sims and M. M. Hurst hereto attached, and the credibility of said L. W. Sims, George L. Sims, and M. M. Hurst being attested by affidavits also hereto attached, and said affidavit of George L. Sims showing that he did not know and could not have discovered by reasonable diligence the restoration of said L. W. Sims to sanity before the rendition of said verdict, and the testimony and affidavits of J. B. Burnside and F. A. McWhorter, being all of the counsel for the plaintiff on the trial of said case, being also attached, showing their like want of knowledge and inability to ascertain such restoration of sanity before the rendition of said verdict." We do not think the court erred in overruling the motion for new trial so far as it is based upon this ground. The grantor in the deed, who, as it is contended, was insane at the time of its execution, does not depose positively that he did not sign such a deed, but merely deposes that he "has no recollection of having signed such a deed; . . that if he did sign the deed to the land, he was not conscious of so doing." This testimony at most is cumulative testimony to the fact of the want of mind and understanding at the date of the execution of the deed. Other witnesses testified at the trial as to the insanity of L. W. Sims at the date of the execution of the paper; and we can not see that the addition of the testimony of the person alleged to have been a lunatic, to the testimony of other witnesses as to the fact of his lunacy or insanity, would probably have the effect of changing the verdict rendered in this case.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Russell, C. J., dissenting.*