24794. JONES v. KNIGHTSTOWN BODY COMPANY.

DECIDED FEBRUARY 25, 1936.

*J. R. Whitaker,* for plaintiff in error. *Finley & Henson,* contra.

MacINTYRE, J.. This was a suit on a promissory note. The defendant admitted the execution of the note, that the plaintiff was the holder and entitled to sue, and the receipt of notice of intention to ask for attorney's fees. He alleged that the note was not the entire contract between the parties, in that it was given as a part of the purchase-price of an automobile ambulance; that the plaintiff had orally agreed to deliver the vehicle with certain attachments and equipment, which it failed to do; that when it was delivered, the plaintiff promised to supply these parts; that with this assurance the defendant made the cash payment and executed the note; that the vehicle without such equipment was not worth the amount paid by him; and that the plaintiff was therefore indebted to him the difference between what the vehicle was actually worth without such attachments and parts as the plaintiff had agreed to put on it, and the amount of the purchase-price of

the vehicle. The plaintiff introduced in evidence a written order signed by the defendant for the automobile, which provided for certain equipment to be furnished with the vehicle, and specifically provided that no other parts were to be furnished, including the parts with which the defendant contends the plaintiff orally agreed but failed to equip the automobile. This order or contract also provided that the defendant was to execute notes for the remainder of the purchase-price, after making the cash payment required, and that title to the car was to remain in the plaintiff until fully paid for. The trial resulted in a verdict in favor of the plaintiff for the amount of the note sued on. The defendant's motion for new trial was overruled, and he excepted.

1. This court will not dismiss a writ of error, on exception to the overruling of a motion for new trial because there is no proper brief of the evidence which was adduced on the trial. In such a case the proper practice is to refuse to consider any assignments of error dependent on a consideration of the evidence. Neither will the writ of error be dismissed because of the incompleteness and insufficiency in form of the grounds of the motion for new trial; but the court will not consider any grounds that are not in substantial compliance with the rule that special grounds of a motion for new trial must be complete and understandable within themselves. See *C. & W. Ry. Co. v. Allaway,* 7 *Ga. App.* 231 (66 S. E. 548); *Anthony* v. *Wingfield,* 16 *Ga. App.* 310 (85 S. E. 284); *Grier* v. *Brown,* 118 *Ga.* 670 (45 S. E. 455); *Gairdner* v. *Tate,* 121 *Ga.* 253 (48 S. E. 907); *O'Neal* v. *Murphey,* 147 *Ga.* 21 (925 S. E. 524); *Wealhers* v. *Paga Mining Co.,* 147 *Ga.* 463 (94 S. E. 579); *McPherson* v. *Chandler,* 137 *Ga.* 129 (4) (72 S. E. 948); Code of 1933, § 70-305. The brief of the evidence, while not strictly up to the requirements of the Code, § 70-305, in that the documentary evidence is not abbreviated but is set out in full therein, consists mainly of the testimony of the witnesses reduced to narrative form from the stenographic report, and therefore is substantially sufficient to be considered. The motion to dismiss is denied.

2. A ground of a motion for new trial merely stating that the "court erred upon the trial of the case in failing to charge the jury, in connection with the last charge complained of, that a contract may be partly written and partly parol, this being the contention of the defendant both in his pleading and also in the evi-

dence," is not complete and understandable without reference to other grounds of the motion and to the record, and will not be considered. *Odum v. Rutledge,* 16 *Ga. App.* 350 (85 S. E. 361); *Mobley v. Russell,* 174 *Ga.* 847 (164 S. E. 190, 82 A. L. R. 560). A ground excepting to the refusal of the court to give a charge on timely written request is too general to be considered, and not sufficient and complete, where it is not alleged that such requested instruction was pertinent to the issues and applicable under the pleadings and evidence, and where it is not shown that the principle of law therein embodied was not covered by the court in the general charge. *Wilkes v. State,* 16 *Ga. App.* 185 (4) (84 S. E. 721).

3. The court did not err in charging the jury that "The defendant admits the execution and delivery of the notes, and that the plaintiff is the holder and owner thereof, and that the plaintiff is entitled to recover ten per cent. attorney's fees on any sum the jury might find for the plaintiff in this case. These admissions make out what is known as a prima facie case for the plaintiff, and it shifts the burden upon the defendant of pleading and proving his defense against the claim of said notes." This was a substantially correct statement of the law and of what was contained in the defendant's plea and answer. Code of 1933, § 38-103; *Hunter v. Sanders Co.,* 113 *Ga.* 140 (38 S. E. 406); *Grier v. Ward,* 23 *Ga.* 145; *Lazenby v. Citizens Bank,* 20 *Ga. App.* 53, 55 (92 S. E. 391). If the defendant does not file a denial of the plaintiff's allegations, but admits in his answer a prima facie case in favor of the plaintiff, and sets up an affirmative plea, such as confession and avoidance, he assumes the burden of proof. *Hawkins v. Davie,* 136 *Ga.* 550, 551 (71 S. E. 873). By admitting the plaintiff's allegations as to receipt of notice of suit, and that attorney's fees of ten per cent. as provided in the note would be asked, the defendant admitted the receipt of notice as required by law. *Turner v. Bank of Maysville,* 13 *Ga. App.* 547 (79 S. E. 180); *Monk v. National Bank,* 12 *Ga. App.* 253 (76 S. E. 278); *Branch v. Johnson,* 9 *Ga. App.* 699 (71 S. E. 1123); *Farmers & Merchants Bank v. Alford,* 21 *Ga. App.* 546 (94 S. E. 818). Neither should a new trial be granted, for any reason assigned, because the court charged: "Where, in the opinion of the jury, the evidence is equally balanced on each side, where the jury believes the witnesses of each side

equally credible, where the jury believes the evidence is as strong on one side as it is on the other, then a preponderance of the testimony would not be carried; and in such case it is the duty of the jury to return a verdict in favor of the plaintiff in this case." Code. of 1933, § 38-106. This charge was not tantamount, under the facts of this case, to the direction of a verdict for the plaintiff.

4. The court did not err in charging the jury that "the notes sued on by the plaintiff were given as a part of the purchase-price of a combination hearse and ambulance, and that this vehicle was delivered to the defendant at the time the contract was closed, except for certain articles named in the contract itself, which you will have out with you," and that "the parties entered into a written contract specifying that the defendant was purchasing the combination funeral car, with the exception of certain items such as plated wheels, which were to be delivered at a later date. This contract is a part of the documentary evidence in the case, to which you will have access in considering your verdict." These instructions were not erroneous for any reason assigned. The contract between the parties was in writing, and the oral agreements, alleged by the defendant to have been made at the time the contract was signed tended to vary and contradict the written agreement; and the court properly refused to consider them as a part of the contract. The alleged oral agreements did not fall within any of the exceptions to the parol-evidence rule. The written contract was complete and entire, was not ambiguous, and did not indicate that it was not the whole agreement. The contract was not partly in writing and partly in parol and the principle of law as to such agreement was not applicable. The above instructions were correct and were applicable under the pleadings and the evidence. Therefore the court properly instructed that "The terms of a written contract can not be changed or varied by oral evidence; and in so far as the oral evidence in this case conflicts with the terms of this contract, the terms of the contract would control. You are the judges of whether or not any of the evidence does so conflict."

5. The judge did not err in charging: "In answer to the defendant's contentions that the vehicle was not reasonably suited for the use intended, the plaintiff says that there were no such defects as alleged at the time of delivery of the vehicle, and that any defects which later developed were the result of natural wear and tear of

the vehicle, and the negligence of the defendant in the upkeep and operation of said vehicle by the defendant." There is always a warranty as to the adaptation of a machine sold to the uses for which it was intended by its manufacture and sale. *Smith* v. *Hightower*, 76 *Ga.* 629. However, if there were none of the alleged defects in the vehicle at the time it was delivered to the defendant, and it was delivered to him when he executed the notes for the unpaid purchase-price, the plaintiff would not be responsible for any defects thereafter developing that came about because of the wear and tear of the vehicle by ordinary use or because of its negligent use by the defendant. This charge was the statement of a contention of the plaintiff in answer to the affirmative plea and defense, and was adapted to the facts of the case.

6. The court charged: "Thus the issues which you are to try and determine by your verdict are, first, whether or not the vehicle contained such defects at the time of its delivery as to prevent it from being reasonably suited for the use intended; second, if so, to arrive at the actual value of the vehicle at the time of its delivery; and third, if so, to adjust the difference, if any found to exist, between the purchase-price and the actual value on the one hand and the amount of principal, interest, and attorney's fees on the note, and express this in your verdict. Of course, if you should find that there were no such defects in the vehicle your verdict would be for the full amount of principal, interest, and attorney's fees. The issues just outlined to you will be found in the pleadings, to which you will have access, and to which you may refer as often as you see fit in your deliberations." The defendant alleges that the plaintiff brought suit on a note, and that he denied liability and pleaded failure of consideration, because of the plaintiff's failure to deliver to him "what he purchased," and because latent defects in the automobile which rendered it unfit for the use intended and of considerably less value than the contract price, and such charge did not cover these issues. If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects, but the seller in all cases, unless expressly or from the nature of the transaction excepted, warrants that he has title and right to sell, that the article sold is merchantable and reasonably suited to the use intended, and that he knows of no latent defects undisclosed. Code of 1933, §§ 96-301, 96-306. Implied warranty is a guaranty

against loss only from latent defects. The law of implied warranty will not avail against patent defects, nor against latent defects which are either disclosed or are discoverable by the exercise of caution on the part of the purchaser. *Lunsford* v. *Malsby*, 101 *Ga.* 41 (28 S. E. 496). Where property is bought under an implied warranty that it is reasonably suited to the use intended, an acceptance by the purchaser waives all defects discovered by him, or which, by the exercise of ordinary care and prudence, he might have discovered before delivery. *Mansor* v. *Zemurray*, 22 *Ga. App.* 441 (96 S. E. 233); *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95). The measure of damages on a breach of warranty in the sale of personalty is the difference between the contract price and the actual value of the goods at the time of delivery. This charge correctly stated the issues and the proper measure of damages, and was not erroneous.

7. The court charged "that the plaintiff was not obligated to keep the vehicle in good repair for the defendant under the contract, but the plaintiff's obligation in this respect was the usual and regular obligation that any seller of an automobile would have under a similar contract, and that the plaintiff is liable only for such defects in material and workmanship as would keep the automobile from being reasonably fit for the use intended." This charge was not erroneous. There was no express warranty to keep the machine in good repair, but, as contended by the defendant, the plaintiff was obligated to sell him a vehicle reasonably fit for the use intended, which would be what any automobile seller would obligate himself to do without any warranty except such as the law implies. In the sale of a common article there is always the implied warranty that it is made of good material and reasonably fit to be employed in the use for which it is designed by the maker. *Hawley Downs &c. Co.* v. *Van Winkle Gin &c. Works*, 4 *Ga. App.* 85 (60 S. E. 1008). The plaintiff and the defendant could have entered into any sort of contract, provided it were legal; the plaintiff could have obligated himself to keep the vehicle in good repair and remedy any defects arising subsequently to its delivery. The parties may expressly agree on the provisions of the contract and the extent of the warranty, which may be more limited or more extensive than the implied warranty of the law. *Jackson* v. *Langston*, 61 *Ga.* 392, 394. However, there was no such contract between the parties here.

8. Under the facts, the court did not err in charging that "The plaintiff, under this contract, did not expressly undertake to furnish chromium-plated wheels which would not flake and which would prevent rust indefinitely, but was obligated to furnish the usual and ordinary quality of chromium-plated wheels free from any defects that would keep such wheels from being reasonably fit for the use intended." The contract provided, as to this item: "chromium-plated wheels to be sent when finished." There was no evidence that by this provision the plaintiff agreed to furnish such wheels as would not flake and would prevent rust indefinitely, and such provision in the contract was properly construed by the court. Code of 1933, § 20-701. It was not the defendant's contention that this contract was ambiguous, but that such contract was not the entire contract, there being additional parol agreements, which the court properly refused to consider, they being contradictory of the written contract.

9. There was no error in the charge as to the measure of damages and as to the amount of the verdict in the event the jury found that there had been a breach of implied warranty, and also in the event they found against the defendant and for the plaintiff. Furthermore, any error as to the measure of damages is harmless where the verdict is against the party claiming damages. *Lewis Mfg. Co.* v. *Davis,* 147 *Ga.* 203 (93 S. E. 206); *Woodruff* v. *Bowers,* 165 *Ga.* 408 (4) (140 S. E. 844). Said charge was not error in that the court used the words "implied breach of warranty" when referring to the measure of damages thus excluding any idea of the breach of an express warranty. The measure of damages in both instances is the same. *Oxford Knitting Mills* v. *Wooldridge,* 6 *Ga. App.* 301 (64 S. E. 1008).

10. The court charged: "All those things that were not on the vehicle at the time it was delivered were those that could have been seen, and . . that if you find from the evidence that the defendant accepted the vehicle without those things being on the vehicle that he would be bound by the acceptance of the vehicle at the time the contract was closed unless there was an express exception made." This stated a correct and applicable principle of law. Code of 1933, § 96-305. It is true that this section does not apply to latent defects. *Miller* v. *Moore,* 83 *Ga.* 684 (10 S. E. 360, 20 Am. St. R. 329). Where the seller expressly agrees to remedy ex-

isting defects in the article sold, and the buyer agrees to accept the machine, this constitutes an exception to the general rule laid down by the Code section above cited. *Burr* v. *Atlanta Paper Co.*, 2 *Ga. App.* 52 (58 S. E. 373) ; *Finance Co.* v. *Jones*, 33 *Ga. App.* 94 (125 S. E. 510) ; *National Computing Scale Co.* v. *Eaves*, 116 *Ga.* 511 (42 S. E. 783). However, the parties here are bound by the written contract which contained no such agreement.

11. Newly discovered evidence that is merely impeaching in character is not ground for the grant of a new trial. A witness for the plaintiff testified that certain work done on the wheels of the vehicle, in order to make them suitable for the defendant, cost plaintiff $50, and the proposed new evidence of a witness that such work cost only $24 was purely impeaching in its nature. Code of 1933, §§ 70-204 et seq.; *Hill* v. *Overstreet*, 28 *Ga. App.* 786 (113 S. E. 41) ; *Jenkins* v. *Jenkins*, 150 *Ga.* 77 (4) (102 S. E. 425). Also it is not shown that a different result may probably obtain at the second trial on account of the newly discovered evidence. This is necessary. *Wright* v. *Wright*, 25 *Ga. App.* 721 (104 S. E. 456) ; *Republic Truck Sales Cor.* v. *Padgett*, 30 *Ga. App.* 474 (118 S. E. 435). Affidavits in support of the newly discovered witness are absolutely necessary or the newly discovered evidence will not be considered. The witness must be properly vouched for as to character and credibility. This was not done here. *Nichols* v. *Kilpatrick*, 157 *Ga.* 884 (122 S. E. 611) ; *Martin* v. *Cooley*, 17 *Ga. App.* 376 (86 S. E. 947). See also *Sims* v. *Sims*, 167 *Ga.* 538, 543 (146 S. E. 170) ; *Adams* v. *State*, 172 *Ga.* 260 (157 S. E. 625) ; *Blackwell* v. *Houston County*, 168 *Ga.* 248 (4) (147 S. E. 574).

12. There was evidence tending to support the verdict in the plaintiff's favor; and no error of law appearing from any of the special assignments of error the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*