31048. SPEED OIL COMPANY *v.* GRIFFIN.

DECIDED DECEMBER 5, 1945.

R. M. Daley, for plaintiff in error.

Lester F. Watson, contra.

PARKER, J. ■ There is an implied warranty in all cases that: "the article sold is merchantable, and reasonably suited to the use intended." Code, § 96-301 (2). This is an action ex contractu based on a breach of the implied warranty of the seller that the gasoline was merchantable and reasonably suited to the use intended. "Damages are given as compensation for the injury sustained." § 20-1402. "Remote or consequential damages are not allowed whenever they cannot be traced solely to the breach of the contract." § 20-1406. "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach." § 20-1407. "Where by a breach of contract one is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." § 20-1410. These principles of statutory law relate to actions based upon contracts, and we think that they are applicable to and control the instant case.

The demurrers of the defendant to the allegations of the petition respecting the $250 paid out by the plaintiff in trading automobiles should have been sustained. It cannot reasonably be said that this item of alleged damages can be traced solely to the breach of the contract. Nor can it reasonably be said that these alleged damages are such as arose naturally and according to the usual course of things from the breach of the contract, or that the parties contemplated such as the probable result of the breach. We think

that it may be said that the plaintiff, who was bound to lessen the damages as far as practicable by the use of ordinary care and diligence, did not do so in disposing of the car, in which the inferior gasoline had been put by the defendant, at a loss of $250. It is more reasonable to say that the plaintiff should have discovered that the trouble with the car was the defective gasoline. The very nature of the trouble would have indicated to the ordinary person, with average experience in the driving of automobiles, that it was either in the gasoline itself or in the gas feeds and connections. It seems that the plaintiff did almost everything except the right thing, and the thing that most drivers would likely have done first, in trying to locate the trouble. We think that the $250 item of damages should have been stricken from the case, and since the demurrer was improperly overruled, and proper exceptions taken thereto, all that took place in the trial thereafter was nugatory.

As to the allegations of the petition that $35 was paid by the plaintiff to mechanics for endeavoring to find the trouble, changing the oil, wires, battery, and carburetor, no demurrer was filed by the defendant. We think that any reasonable amount expended by the plaintiff on mechanics, in an effort to locate the trouble with the automobile, including any reasonable amounts paid out in good faith by the plaintiff, on the advice of such mechanics for any parts or appurtenances to the motor, would be recoverable by the plaintiff in the case. Under this ruling, it is a question for the jury whether or not any particular item or items of expense were reasonable under the circumstances in the case.

The plaintiff cites *Lawrence* v. *Atlanta Gas Light Co.*, 49 *Ga. App.* 444 (176 S. E. 75), and *Elwell* v. *Atlanta Gas Light Co.*, 51 *Ga. App.* 919 (181 S. E. 599), as authority that an action *ex delicto* may be based upon the violation of a duty imposed by law because of a contractual relationship between the parties. Those cases are unlike the case at bar, in that an element of malice or bad faith was involved, or at least charged in the plaintiff's allegations, whereas in the instant case no bad faith is claimed. We recognize the rule that an action in tort may grow out of the violation of a contract, but that principle is not applicable to this case under our construction of the pleadings.

 The court erred in overruling the defendant's demurrer, as indicated in division 1, and in denying its motion for new trial.

*Judgment reversed.* *Sutton, P. J., and Felton, J., concur.*