33722.   HENLEY *v.* SEARS-ROEBUCK & COMPANY.

Decided October 11, 1951.

*Harris, Henson & Spence,* for plaintiff.

*Alston, Foster, Sibley & Miller, Philip H. Alston Jr., Dan B. Hodgson,* for defendant.

SUTTON, C. J. The only assignment of error in the motion for a new trial which is insisted upon here is to the following charge of the court: "I charge you, further, that, if the defendant should be found to have breached its implied warranty, and if the plaintiff, Mr. Henley, knew or had good reason to believe that the incubator was operating improperly or was operating in such a manner as to cause a reasonable man to be alarmed at the effect it might have on his eggs; and if you also find that the plaintiff continued to use the incubator despite that fact and did not give the defendant, Sears-Roebuck & Company, an opportunity to remedy the defect, then, in that event, you should return a verdict for the defendant. The plaintiff may not, after having learned of the defect, if he did learn of the defect, continue to use the article to his own further damage, and the duty is on the plaintiff, once the defect is discovered if there was a defect, to immediately take every precaution that a reasonable person would take to prevent any further damage and to mitigate any damage which might have already started." The plaintiff in error contends that this charge was not authorized by the evidence; that it submitted to the jury an issue of fact not raised by the evidence, to wit, that the plaintiff continued to use the incubator after he had reason to believe that the same was operating improperly; and that it was confusing to the jury and incorrect as an abstract principle of law when applied to the evidence in the case.

The evidence showed: that the plaintiff bought the incubator knowing that it had been used; that he tested it for a few days, during which it seemed to perform perfectly; that he put 3100 eggs into it, which began to hatch in 22 days; that, when several hundred chicks were hatched, the plaintiff went upstairs from the basement where the incubator was located to obtain some

brooders to receive the chicks from the incubator and was gone for about 40 minutes; that when he returned, he found the chicks, hatched or unhatched, killed by the heat which had broken the thermometer within the incubator; and that the warning bell had failed to ring.

There was also evidence to the effect that the plaintiff had reason to believe that something was wrong with the incubator before it became overheated. The plaintiff testified that he had called in an electrician to look at the incubator during the 22-day period before the eggs began to hatch, and that the electrician had said, "Just whisper a little prayer and let's see if it don't work." G. H. Camp, the electrician, testified that the plaintiff had asked him, before the chicks were destroyed, to come to look at the incubator and give his opinion about it, saying that he, the plaintiff, was worried about it; that he did not remember making a statement to the plaintiff to the effect that the plaintiff should let the incubator alone and see if it would work, but on the contrary he told the plaintiff, "If the incubator was mine, I would have something done to it." The plaintiff also testified that he had secured extra parts for the heat control mechanism from the defendant after he had put the incubator into operation; and that slight temperature fluctuations in the incubator had alarmed him, although they had not caused the alarm bell to ring; but that he did not install or have the extra parts installed in the incubator. There was evidence that a micro-switch, which controlled the alarm bell, could have been installed in the incubator in 15 or 20 minutes without any difficulty whatsoever, the witness stating that he had seen a micro-switch changed in the process of hatching and had done it himself. The charge complained of was authorized by, and adjusted to, the evidence in the case, and was not erroneous for any of the reasons advanced by the plaintiff in error.

"Where by a breach of contract one is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." Code, § 20-1410. This rule applies to damages resulting from the breach of an implied warranty. *Speed Oil Co.* v. *Griffin*, 73 *Ga. App.* 242 (36 S. E. 2d, 205). If there was a breach of the implied warranty that the incubator was "merchantable, and reasonably suited to the use intended"

(Code, § 96-301), by reason of a latent defect therein, which defect upon discovery might reasonably be expected to endánger the safety of the eggs therein, then if such defect became known to the plaintiff, he was bound to exercise reasonable care and diligence to lessen the damage which might result therefrom. The duty imposed on the plaintiff was to use ordinary care to prevent foreseeable damage. *Jones* v. *Knightstown Body Co.,* 52 *Ga. App.* 667, 672 (184 S. E. 427).

Accordingly, the trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*